## CHARLES FREDERICK RUSSELL, APPELLANT, *v.* WILLIAM H. RUSSELL AND OTHERS, RESPONDENTS.

*Will—Executor—Trustee—Power to sell Real Estate.*

Where the testator bequeathed and devised all his estate to his wife during her life, or widowhood, with remainder to his four children, and afterwards by codicil authorized his wife to sell and dispose of his real and personal estate, or any part of it, as she should deem most expedient for the best interest of all his legatees, held, that this did not authorize her to deed certain real estate to one of the children, in payment of a debt due him from the estate.

LABAN RUSSELL, the father of the Plaintiff, and of the Defendants William H. Russell, Mary Ann Jewett, and Laban G. Russell, departed this life in the month of September, 1842, seized and possessed of real estate in the town of Rye, in Westchester county.

He had previously made a will, dated 18th April, 1833, by which he gave all his estate to his wife during her life or widowhood, with remainder to his said children, and, in case of the death of either, to his or her issue, and appointed his wife and his son, William H. Russell, executors.

Subsequently, and on the 6th of September, 1842, he made a codicil to his will, by which he gave the following direction: "I do hereby will and direct that my said beloved wife Mary, my executrix in my said last will and testament named, shall have full power and sole authority, at any and at all times, in her discretion, to sell and dispose of my said real and personal estate, or any part thereof, at public or private sale, as she shall deem most expedient and for the best interest of all my legatees in my said last will and testament named, giving and granting my said executrix full power to convey the same, by deed or otherwise, as she may be advised is most effectual and correct to vest the title to the same in the purchaser or purchasers thereof."

The said will and codicil were proved before the surrogate of Westchester county on the 14th day of November, 1842, and letters testamentary thereon were on the same day granted to Mary

Russell alone, who, thereupon, assumed the execution of said will and codicil.

On the 9th of March, 1843, the said Mary Russell made and executed a deed to her son William H. Russell, who, at that time, although named as executor with her in the will, had not qualified or acted as such, by which she conveyed to him a piece of the land at Rye, of which the testator died seized, containing fifteen acres of land, more or less.

The consideration expressed in the deed was $3,000, and consisted, as found by the Justice who tried the issues in the action, " of moneys to that (and a greater) amount due to the said William H. Russell from the said testator at the time of his decease, which remained unpaid at the time of the execution of the said deed, and the claims for which have not been barred under the Statute of Limitations, and was applied, by mutual consent, in satisfaction of such consideration."

William H. Russell qualified as executor on the 6th day of October, 1862.

The testator left personal property to the amount of $3,800, real estate to the value of $15,000, and no debts except that to William H. Russell, the Defendant.

The said Mary Russell departed this life on the 22d day of April, 1855, and in October, 1857, this action was commenced by the Plaintiff, one of the heirs and devisees of the said Laban G. Russell, for the purpose of setting aside the above-mentioned deed and the subsequent conveyances.

The said William H. Russell and his wife, and the other heirs and devisees of the said Laban G. Russell, together with Joseph Dean, in whom the title to the premises had been vested, and who subsequently reconveyed to the said William H. Russell, who is now the owner thereof, are made parties Defendant.

The Justice at Special Term dismissed the complaint; the Supreme Court, at General Term, affirmed the judgment thereon, and the Plaintiff now appeals to this Court.

*Jesse C. Smith* for Appellant.

*Henry C. Murphy* for Respondent.

HUNT, J.—By his will, executed April 18th, 1833, the testator gave all his real and personal estate to his wife, during her life or widowhood, with remainder to his four children, and named his wife and his son William as executors.

By a codicil of September, 1842, the testator gave power to his wife, Mary Russell, "to sell and dispose of my real estate, or any part thereof, at public or private sale, as she shall deem most expedient, and for the best interest of all my said legatees, in my said will named."

By the expression "legatees," in the codicil, the testator intended to designate his four children whom he had named in the body of the will as those to whom he "devised and bequeathed" the residue and remainder of his estate, real and personal, after the death of his wife. In the execution of this power of sale the widow had no interest.

It was to be executed as she should deem expedient, not for her own benefit or advantage, but for the best interest of those entitled to the estate after her death, viz.: the testator's four children, described by him as his legatees. The income only belonged to her, and the corpus of the estate belonged to the children exclusively.

It was a general power in trust in the widow (1 R. S. 732, §§ 77, 79, 94, 106).

Was the power well executed by the conveyance of a portion of the testator's real estate to one of his sons, in satisfaction of a debt due to him from the testator? The executrix had no power or control over the real estate in her character of executrix.

There was personal property enough for the payment of the testator's debts, without calling upon his real estate, and the real estate was not liable to that purpose until the personal had been exhausted.

It was not liable at any time, except upon the presentation of a petition to the surrogate, alleging the insufficiency of the personal estate, and asking the application of the real estate to that purpose.

Of such an application all parties interested in the real estate

would be entitled to notice, and they would have the right to litigate the proceeding. No such proceeding was had in the present case.

This circumstance is important here in a double respect. It shows, in the first place, that the transaction is to be sustained solely upon the ground of the execution by the widow of a power in trust; and secondly, it relieves the case from the question of the effect of a conveyance by one co-executor or co-trustee to his associate. William H. Russell was not a co-executor at the time of the conveyance to him, in so far as he had not then qualified. He was not a co-trustee in any event, as the power in trust was given to Mrs. Russell exclusively.

The authority to Mrs. Russell to sell was in its terms general, unrestricted as to time, place, or circumstance. It required, however, that the transaction should be a sale, and it must be based upon her conviction that such sale was for the best interest of all the legatees named in the will.

In my opinion she had no power under this clause to convey, in settlement of a claim against the testator's estate, or in payment of a debt conceded to be due from him.

The duty of the payment of debts belonged to the executor; and, as already stated, real estate could not be applied to that purpose, except upon certain contingencies not existing in the present case.

The judge, however, finds specifically that the conveyance was made in satisfaction of a debt due from the testator to William H. Russell, and was applied to that purpose by mutual consent. By this is meant, I suppose, a mutual arrangement between the trustee and William H. Russell, and not by an arrangement with the parties here litigating.

I think this was not a good execution of this power; and that, having knowledge of the trust, no title passed to William H. Russell by the deed of March 9, 1853, from his mother (1 R. S. 730, § 65).

In the case of Allen *v.* Dewitt (3 Coms. 276), the executor of Simeon Dewitt was empowered to sell in this language: "I em-

power my executors to sell all my estate, both real and personal, not specially bequeathed or devised, in such parcels, at such times, and for such considerations as they shall judge proper, for the purpose of discharging my debts, and creating funds for the support of my family, and on such sales to give the proper legal conveyances. After my debts shall have been paid, the avails of my property shall be equally divided among all my children."

Before the testator's debts were paid, the husband of one of the daughters procured from the executors a conveyance of certain lots, and mortgaged them to the Plaintiff in that suit.

Nothing was paid for the land; but the husband agreed to protect the estate against the mortgage, or, in default thereof, that the value of the land might be charged against his wife's distributive share in the estate.

On a bill filed to foreclose the mortgage, given by the husband and wife pursuant to this arrangement, it was held that the conveyance was not an execution of the power contained in the will, and passed no title. The sale was sought to be supported on the argument that it was, in effect, a division of the avails of the estate, and a setting apart of this parcel to the wife in satisfaction of her claim as one of the children of the testator. It was held, however, first, that a division was only authorized after the payment of debts, while this conveyance was made before the debts were paid; and secondly, that the power required an absolute sale for a fixed consideration, which should form a fund for the maintenance of the family, and for ultimate division. In Briggs *v.* Davis (20 N. Y. R. 15) the grantees of land in trust for the payment of debts reconveyed to the grantor, reciting that the trusts had been executed. The debtor then mortgaged the land to one having no actual notice of the trust. It was held that the reconveyance, being in contravention of the trust, was void, and that the legal estate remained in the trustees.

In Roome *v.* Philips (27 N. Y. R. 357) the will directed the executor to sell and convey the real estate "upon such terms as he may think proper, and most beneficial to his estate."

It was held that this did not authorize a conveyance in fulfil-

ment of a contract made by the testator in his lifetime.· The Court says : " The manner and terms of sale had been fixed by the testator before the will took effect by his death.  The power does not look to the conveyance of the naked title to lands of the beneficial interest in which the testator had divested himself in his lifetime."

So stringent is the rule on this subject, that even legislative action cannot avoid its effect.

Thus, in Powers *v.* Bergen (2 Seld. 359), lands had been devised to trustees for the use of the testator's daughter for life, with remainder to her issue living at her decease, and, for want of such issue, to all her grandchildren.

During the life of the daughter (she having children living) a statute was passed authorizing the trustees to sell the land, pay certain expenses and liens, and invest the surplus in securities to be held in trust as the lands were held under the will.

It was held that the act was beyond the power of the legislature, and that the trustees could give no title to lands sold in pursuance of it. (See Smith *v.* Bowen, 35 N. Y. R. 83 ; see also the cases of Waldron *v.* McComb, 1 Hill, 111, and S. C. 7 Hill, 335, arising upon the will of Medcef Eden.)

I do not think that the fact that the debt is a valid one is an answer to the difficulties suggested.  Whatever doubt there might have been as to its validity is removed by the finding of the Judge, and I assume the existence of a valid debt.  I have endeavored to show that the discharge of such an obligation belonged to the executor, and was no part of the duty of the trustee.  Neither is it an answer to place the case upon the ground assumed below, that the widow, having acknowledged the receipt of $3,000 for this land, has rendered herself chargeable as executrix to that amount; and, having paid the same amount in discharge of a valid debt, no injustice would be committed by allowing the deed to stand.  This is a short cut toward justice which tramples upon the principles of law, and confounds the distinction between a question of power and one of convenience.

If the view I have taken be sound, the trustee had no power to

make the conveyance; and the fact that she is ready, as executrix, tó account for the money received, has no relevancy to the subject.

No title passed by the attempted execution of a power, and the estate descended to the remaindermen unaffected by her act.

I think the judgment should be reversed, and a new trial be ordered.

All concur, except DAVIES, Ch.J., and GROVER, J.