JAMES H. COLEMAN, Respondent, *v.* ALFRED B. BEACH, Appellant.

The rule governing controversies between grantor and grantee, by which the language of a conveyance is required to be taken most strongly against the grantor, has no application when the dispute occurs between parties claiming under the same conveyance.

If it is the clear intent of the grantor that apparently inconsistent provisions of a conveyance shall all stand, such limitations upon and interpretations of the literal signification of the language used will be imposed as will give effect if possible to all of the provisions.

De P. executed to the wife of his son a deed containing words sufficient and appropriate to convey an absolute fee. The deed, however, declared that it was made by way of advancement to be charged against the share of the son in the grantor's estate, and to enable the grantee to sell and convey in fee simple if she should desire so to do. It also contained a covenant upon the part of the grantee, that upon sale by her she should cause the proceeds to be properly invested, and at her decease the premises, or the principal realized from a sale, should be conveyed to the issue of her marriage with the grantor's son living at the time of her decease or their legal representatives. The grantee died without having sold the real estate so conveyed, but leaving a will by which she devised the same to her son, with power to her executor to sell and convey. In an action to compel specific performance of a contract to purchase said real estate plaintiff claimed under a conveyance from said executor. *Held* that under said deed the grantee, took only a life estate, with remainder in fee to the issue of her marriage, and with power in the grantee to sell and convey; that said power was general but neither imperative nor beneficial, it being simply in trust to be exercised in the discretion of the donee; that said power could not be delegated, but it and the trust connected therewith terminated with the death of said donee, and there-

upon the real estate went to the remainderman; and that therefore plaintiff's title was defective and justified defendant in refusing to accept the conveyance.

(Argued December 1, 1884; decided January 20, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, in favor of the defendant, entered upon an order made November 10, 1882, which directed judgment, upon a case submitted without argument, requiring defendant to specifically perform a contract for the purchase of certain real estate.

Plaintiff claimed title under a conveyance from John H. Livingston as executor of the will of Mary Livingston De Peyster. In 1871 and 1874, J. Watts De Peyster executed two deeds, purporting to convey the property in question. The deeds were to said Mary Livingston De Peyster, wife of the son of the grantor. The granting parts were in the usual form of bargain and sale, for a moneyed consideration expressed, save as hereinafter stated. The deed executed in 1871, after a description of the premises, contained these clauses:

"It being understood by and between the parties hereto that this conveyance is made by way of advancement to be charged against the share of said Colonel Frederick De Peyster, Junior, his heirs-at-law and next of kin, out of the estate of said J. Watts De Peyster after his decease. Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in any wise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof; and also, all the estate, right, title, interest, dower and right of dower, property, possession, claim and demand whatsoever, as well in law as in equity, of the said parties of the first part, of, in or to the above described premises, and every part and parcel thereof, with the appurtenances. To have, and to hold, all and singular, the above-mentioned and described premises, together with the appurtenances, unto the said party of the second part, her heirs or assigns, forever.

"And it is hereby declared that this deed is made to enable

the said party of the second part, to sell and convey in fee simple the above premises if she shall desire to do so. And the party of the second part accepting this conveyance hereby covenants to and with the party of the first part that upon a sale and conveyance by her of the said premises she will cause the proceeds of such sale to be properly invested in good personal securities or in improved real estate, and at her decease that the said premises or the principal only which may be realized by her from a sale thereof shall be conveyed to the children born, and that may be born of her marriage with the said Colonel Frederick De Peyster, Junior, and living at the time of her decease, or their legal representatives."

Similar provisions were contained in the other deed.

Mary L. De Peyster died in 1876, leaving her surviving a son, fourteen years of age, her only heir at law, and issue of her marriage with Frederick De Peyster, Jr., who died before her. She left a will by which she devised all her real estate to her said son, with power to her executor, who was also appointed guardian of the son, to sell and convey, and to reinvest the proceeds in his discretion; said executor sold and conveyed the real estate in question to one Carpenter, who conveyed the same to plaintiff.

*Jacob F. Miller* for appellant. The acceptance of a deed and enjoyment of the estate granted estops the grantee and all persons claiming under him from denying his covenants, and from denying that the seal attached is his as well as that of the grantor. (*Roders* v. *Eagle F. Ins. Co.*, 9 Wend. 618; *Trotter* v. *Hughes*, 2 Kern. 74; *Belmont* v. *Coman*, 22 N. Y. 438; *Spaulding* v. *Hallenbeck*, 35 id. 206; *Fairfield* v. *Lynch*, 10 J. & S. 277; *Munson* v. *Deyert*, 56 How. Pr. 335; *Bowen* v. *Beck*, 94 N. Y. 86; *Lord Lovelaces Case*, Sir Wm. Jones, 268; *Ball* v. *Duntersville*, 4 D. & E. 314; *Van Alstyne* v. *Van Slyck*, 10 Barb. 383; *Ludlow* v. *Simond*, 2 Cai. Cas. 1; *Wilder* v. *Butterfield*, 50 How. Pr. 385; *Wales* v. *Sherwood*, 52 id. 413.) The construction of all deeds must be favorable and as near the minds and intents of the parties as the rules of

law will admit. (2 Black. Com. 379 ; *Parkhurst* v. *Smith,* Willes, 332; *Earl of Clanricard's Case,* Hobbart, 277 ; *Crossing* v. *Scudamore,* 1 Vent. 141 ; *Throckmorton* v. *Tracy,* Plowd. 160 ; *Goodtitle* v. *Barley,* Cowper, 600 ; *Jackson* v. *Blodget,* 16 Johns. 172 ; *Fish* v. *Hubbard,* 21 Wend. 654 ; *Smith* v. *Parkhurst,* 4 Atk. 135 ; *Brookman* v. *Kurzman,* 94 N. Y. 273 ; *Solly* v. *Forbes,* 4 Moore, 448 ; *Bridger* v. *Pierson,* 45 N. Y. 604 ; *Jackson* v. *Myers,* 3 Johns. 387 ; *Green* v. *Eldred,* 66 N. Y. 611 ; *Springsteen* v. *Samson,* 32 id. 703 ; *Reynolds* v. *C. F. I. Co.,* 47 id. 606 ; *Dawes* v. *Prentice,* 16 Pick. 435.) The construction should be made upon the entire deed and not merely upon disjointed parts of it. (2 Black. Com. 379 ; *Norris* v. *Beyea,* 3 Kern. 383 ; *Sweet* v. *Chase,* 2 Comst. 73 ; *Trustees of Auburn Sem.* v. *Kellogg,* 16 N. Y. 86 ; *Tyson* v. *Blake,* 22 id. 561 ; *Payler* v. *Homersham,* 4 M. & S. 426 ; *Swick* v. *Sears,* 1 Hill, 17 ; *Jackson* v. *Beach,* 1 Johns. Cas. 399 ; *Jackson* v. *Myers,* 3 Johns. 394 ; *Miller* v. *H. & St. J. R. R. Co.,* 90 N. Y. 430 ; *Barhydt* v. *Ellis,* 45 id. 110 ; *Everitt* v. *Everitt,* 29 id. 83 ; *Oxley* v. *Lane,* 35 id. 348.) The various parts of a deed are to be so construed that the whole may, if possible, stand, *ut res magis valeat quam pereat.* (Plowd. 541 ; Co. Litt. 1126 ; Shep. Touch. 88 ; *Langham* v. *Sandford,* 2 Meriv. 11 ; *Jesson* v. *Wright,* 2 Bligh, 56 ; *McWilliams* v. *Martin,* 12 Serg. & R. 269 ; Rev. Stat. [1 Edm.] 699, § 2 ; *Browning* v. *Wright,* 2 Bos. & Pull. 24 ; *Booth* v. *Cleveland Mill Co.,* 74 N. Y. 21.) In order to ascertain the intent of the parties, the court will also consider their particular situation, the circumstances attending the transaction, the state of the country, and thing granted at the time of the grant. (*Pray* v. *Pierce,* 7 Mass. 381 ; *Salisbury* v. *Andrews,* 19 Pick. 250 ; *Chamberlain* v. *Crane,* 1 N. H. 564 ; *Reed* v. *Proprietors of Locks, etc.,* 8 How. [U. S.] 274 ; *Irwin* v. *United States,* 16 id. 513 ; *Derby* v. *Hall,* 2 Gray, 243 ; *Sumner* v. *Williams,* 8 Mass. 162 ; *Dishon* v. *Porter,* 38 Me. 289 ; *United States* v. *Appleton,* 1 Sumn. 492 ; *Hadden* v. *Shoutz,* 15 Ill. 581 ; *Louk* v. *Woods,* id. 256.) *Unusual provisions* in a deed or other instrument, should receive spe-

cial attention, like written words in an otherwise printed policy of insurance. (*Leeds* v. *Mechanics' Ins. Co.*, 4 Seld. 351; *Harper* v. *Albany Mut. Ins. Co.*, 17 N. Y. 194; *Babcock* v. *L. S. & M. S. Ry. Co.*, 49 id. 497; *DeLongueman* v. *Tradesmen's Ins. Co.*, 2 Hall, 589; *Harding* v. *Glynn*, 1 Atk. 468; *Brown* v. *Higgs*, 8 Ves. 571; *Kemp* v. *Kemp*, 5 id. 849; *Trustees of Watertown* v. *Cowen*, 4 Paige, 510; *Warren* v. *Mayor, etc.*, 22 Iowa, 351; *Robinson* v. *LeGrand*, 55 Ala. 111; *Longmore* v. *Brown*, 7 Ves. 124; *Jones* v. *Torin*, 6 Sim. 368; *Penny* v. *Turner*, 15 id. 368; *Norris* v. *Beyea*, 13 N. Y. 283; *Cole* v. *Hughes*, 54 id. 444; *Ross* v. *Adams*, 28 N. J. L. [4 Dutch.] 160.) The provisions in favor of the grandson being contained in the deed to his mother, she received the lands impressed with such provisions. Upon her death these lands passed immediately to him. The subject of the grant could not be diverted to another purpose. This would be true if he took either a legal or equitable interest. (*Trustees of Watertown* v. *Cowen*, 4 Paige, 510; *Hunter* v. *Trustees of Sandy Hill*, 6 Hill, 407; *Warren* v. *Mayor, etc.*, 22 Iowa, 351.) If no valid trust in his favor were created by the deeds, then no estate, legal or equitable, vested in Mrs. DePeyster as trustee, and the title passed at once to the beneficiary, subject to the life estate of his mother, and subject to a conversion of the lands into money under the power of sale. (*Selden* v. *Vermilyea*, 2 Sandf. 586.) But if no title passed to the grandson, the covenant contained in the deeds, that "the said premises" shall be conveyed to the grandson, was and is enforceable in equity. The grantee's enjoyment of the premises for life is a sufficient consideration to support the covenant. (5 Greenleaf's Cruise's Dig. 368; *Green* v. *Howe*, 1 Salk. 197; *Easterly* v. *Harris*, 9 Ad. & El. 532; *Grannis* v. *Clark*, 8 Cow. 36; *Adams* v. *Gibney*, 6 Bing. 666; *Howes* v. *Brushfield*, 3 East, 491; *Rickets* v. *Dickens*, 1 Murph. [N. C.] 343.) These were covenants running with the land, and bound all persons dealing with the property. (*Spencer's Case*, 5 Coke, 16; 1 Smith's Lead. Cas. [7th Am. ed.] 222; 3 Blackst. 174; Statute 3 and 4 Wm. IV, chap. 74; *Wotton* v. *Cork*, Dyer, 337; *Watson* v. *Blaine*, 12

Serg. & R. 131; *Allen* v. *Green,* 19 Ala. 34; *Wilson* v. *Hart,* 2 Hem. & Mil. 551; *Jones* v. *Smith,* 1 Hare, 43; *Whitney* v. *Union R. R. Co.,* 11 Gray, 362; *Cole* v. *Hughes,* 54 N. Y. 448; *Waddington* v. *Hill,* 18 Miss. 560; *Warde* v. *Warde,* 16 Beav. 105; *Hayes* v. *Kershow,* 1 Cow. 639; 4 Kent, 494; *Corwin* v. *Corwin,* 2 Seld. 342.) But if the covenant did not run with the land, yet the provisions in favor of the grand-son being contained in the deeds, the purchaser must be deemed to have taken the lands with notice, and hence bound by the provisions of the deed. (*Whitney* v. *Union R. R. Co.,* 11 Gray, 363; *Sawyer* v. *Hammatt,* 15 Me. 44; *De Mettos* v. *Gibson,* 4 DeG. & J. 282; *Luker* v. *Dennis,* L. R., 7 Ch. Div. 236; *Miller* v. *Aldrich,* 31 Mich. 408; *Dunlop* v. *Avery,* 89 N. Y. 596; *Reid* v. *McCrum,* 91 id. 416; 6 Jenk. 241; 3 Wash. R. P. 368.) The covenants by the grantee may be re-garded as covenants to stand seized to use of her son. (*Doe* v. *Salkeld,* Wilkes, 673; *Roe* v. *Trauman,* id. 682; *Hayes* v. *Kershow,* 1 Sandf. Ch. 258; *Jackson* v. *Sebring,* 16 Johns. 515.) A power delegated to one person cannot be exercised by another. The power to sell was vested in the grantee of the deed. Her executor cannot exercise it. (*Mayor, etc.,* v. *Stuyvesant,* 17 N. Y. 42; 9 Coke, 75; 2 Atk. 88; 2 Ves. 643; 3 East, 410; Sugden on Vendors, 167.) A power to convey by deed must be executed, if at all, in the manner directed. A devise by will is not a good exercise of the power. (*Wood-ward* v. *Hasley,* Roll Feg. 127 M. S.; *Doe* v. *Lady Cavan,* 5 Term R. 567; 1 R. S. 736, §.116.) If a trust be created for the benefit of a third person without his knowledge, he may, when he has notice of it, affirm the trust, and call upon the court to enforce the performance of it. (*Wilson* v. *Blight,* 1 Johns. Cas. 205; *Weston* v. *Barker,* 12 Johns. 281; *Small* v. *Dudley,* 2 P. Wms. 427; *Cumberland* v. *Codington,* 3 Johns. Ch. 261; *Shepherd* v. *McEvers,* id. 136.) A purchaser from a trustee upon notice, though upon full consideration, is in equity bound by the trust to the same extent and in the same manner as the person from whom he purchased. The deed to Mrs. DePeyster was a record and hence notice to all the

world. (*Mead* v. *Orrery*, 3 Atk. 238; *Murray* v. *Ballou*, 1 Johns. Ch. 566; *Olive* v. *Platt*, 3 How. [U. S.] 333; *Gilchrist* v. *Stevenson*, 9 Barb. 9; *Wetmore* v. *Porter*, 92 N. Y. 76.) The plaintiff herein is estopped to deny the provisions of the deeds in favor of the grandson. These run with the lands into whosesoever hands they come. They operate by way of estoppel and hence are good as a conveyance. (*Newman* v. *Lawrence*, 1 Salk. 276; *Bean* v. *Walsh*, 17 Ala. 773; Rawle on Covenants, 427; *Douglas* v. *Scott*, 5 Ohio, 198; *Marle* v. *Willard*, 15 N. H. 389; *White* v. *Patten*, 24 Pick. 324; *Dudley* v. *Cadwell*, 19 Conn. 226; *Pike* v. *Galvin*, 29 Me. 135; *Massie* v. *Sebastian*, 4 Bibb [Ky.], 430; *Jarvis* v. *Atkins*, 25 Vt. 635; *Jackson* v. *Winslow*, 9 Cowen, 18; *Sparrow* v. *Kingman*, 1 Comst. 246; *Roe* v. *Hazley*, 12 East, 464.) The title being extremely doubtful, a court of equity will not compel a purchaser to take it. (1 Sugden on Vendors [8th Am. ed.], 577; *Schriver* v. *Schriver*, 86 N. Y. 584; *White* v. *Damon*, 7 Ves. 35; *Price* v. *Strange*, 6 Mad. 159; *People* v. *Open Board*, etc., 92 N. Y. 98; *Jordan* v. *Poillon*, 77 id. 519.)

*Morgan J. O'Brien* for respondent. By the terms of the deed from J. Watts De Peyster, Mary De Peyster took the property in question in fee-simple absolute, free from any burden, charge or trust, the covenant in question importing a personal liability only. (R. S., § 115, chap. 1, part 2; *Jennings* v. *Conboy*, 73 N. Y. 230; R. S., §§ 102, 104, chap. 1, part 2; *Kinnier* v. *Rogers*, 42 N. Y. 536; *Case* v. *Haight*, 3 Wend. 635; *Mott* v. *Richtmeyer*, 57 N. Y. 49.) If the effect of the covenant was to fasten upon the property any charge or burden, it was simply an equitable charge or trust for the settlement of the property by will, upon the children of the marriage, and the will of Mary De Peyster was a substantial and sufficient compliance with the terms of such trust. (Adams on Equity, marg. p. 40; *Peak* v. *Pentington*, 2 V. & B. 311; *Hill* v. *Hill*, 3 Sim. 136; *Williams* v. *Carter*, 2 Sugd. Powers, App. No. 22 [7th ed.]; *Turner* v. *Sargent*, 17 Beav. 520.) The power of sale conferred by the will of Mary De Peyster upon

her executor was not in derogation of nor repugnant to, the estate in fee devised to her son Clermont L. De Peyster. (*Crittenden* v. *Fairchild*, 41 N. Y. 289; *Kinnier* v. *Rogers*, 42 id. 531; *Skinner* v. *Quinn*, 43 id. 99; *Jennings* v. *Conboy*, 73 id. 230; *Morse* v. *Morse*, 85 id. 53.) The deeds of J. Watts De Peyster to Mary L. De Peyster did not set up any trusts within the provisions of the statute authorizing trusts. (R. S., § 115, chap. 1, part 2; *Jennings* v. *Conboy*, 73 N. Y. 230; R. S., §§ 102, 104, chap. 1, part 2; *Kinnier* v. *Rogers*, 42 N. Y. 536; *Case* v. *Haight*, 3 Wend. 635.) An estate given in fee cannot be abridged by a subsequent clause into a life estate with power in trust to sell. (*Mott* v. *Richtmeyer*, 57 N. Y. 49.) Conceding that by the terms of the deed from J. Watts De Peyster, the property in question became and was with a burden or trust in favor of the children of the marriage, it does not, therefore, follow that the power of sale conferred by the will of Mary De Peyster was repugnant to, or in derogation of, the terms of the deed creating the trust. (Adams on Equity, marg. p. 40; *Peak* v. *Penlington*, 2 V. & B. 311; *Hill* v. *Hill*, 6 Sim. 136; *Williams* v. *Carter*, 2 Sugd. Powers, App. No. 22 [7th ed.]; *Turner* v. *Sargent*, 17 Beav. 520.) The power of sale conferred by the will was not repugnant to the estate in fee devised to Clermont L. De Peyster, and the executor could and did convey good title by virtue and in pursuance thereof. (*Crittenden* v. *Fairchild*, 41 N. Y. 289; *Kinnier* v. *Rogers*, 42 id. 531, 534, 536, 537; *Kinnier* v. *Quin*, 43 id. 99, 106; *Jennings* v. *Conboy*, 73 id. 230, 234; *Morse* v. *Morse*, 85 id. 53, 59.)

RUGER, Ch. J. The material questions in this case are: First, whether Mary Livingston De Peyster took an estate in fee under the deed to her from J. Watts De Peyster and his wife in certain premises in the city of New York, or whether such estate was a life estate merely, with remainder in fee to the issue of the said grantee and her husband, Frederick De Peyster, Jr., and second, whether in the latter event there has been a valid execution of the power contained in the deed

authorizing the said Mary to sell and convey the property in question and invest the proceeds for the purposes described in the instrument. While the title of two parcels of land, transferred by separate conveyances, is involved in this controversy, it will be convenient to speak of but one, as we think neither the intent of the grantor, as indicated by the language used or the principles of construction applicable thereto, can be distinguished by any material circumstance.

The questions involved are to be determined by a consideration of all of the provisions contained in the deeds, with a view of arriving at the intent of the grantor in executing the conveyance. The rule governing controversies between grantor and grantee, by which the language of a conveyance is required to be taken most strongly against the grantor, has no application when the dispute occurs between parties claiming under the same conveyance, and who are each entitled to the benefit of the same rule of construction. Here the simple question is, to whom did the grantor intend to convey the property described. If the disposition which the owner of property desires to make does not contravene any positive prohibition of law, his control over it is unlimited, and the only office which the courts are called upon to perform, in construing his transfers of title is to discover and give effect to his intentions. In the case of repugnant dispositions of the same property contained in the same instrument, the courts are from necessity compelled to choose between them; but it is only when they are irreconcilably repugnant that such a disposition of the question is required to be made. If it is the clear intent of the grantor that apparently inconsistent provisions shall all stand, such limitations upon, and interpretations of, the literal signification of the language used must be imposed, as will give some effect if possible to all of the provisions of the deed. (*Salisbury* v. *Andrews*, 19 Pick. 250; *Norris* v. *Beyea*, 13 N. Y. 273; *Jackson* v. *Blodget*, 16 Johns. 178.) "It is a cardinal rule in the construction of contracts, that the intention of the parties is to be inquired into, and if not forbidden by law, is to be effectuated, and whenever the language used is susceptible of

more than one interpretation, the courts will look at the sur-
rounding circumstances existing when the contract was entered
into, the situation of the parties, and of the subject-matter of
the instrument." (*French* v. *Carhart*, 1 N. Y. 102.) This
rule is now, by statute, made imperative upon judicial tribunals
and cannot be evaded, when the intention of the grantor is
made clearly apparent by the language of the conveyance.
(3 R. S. [7th ed.] 2205, § 2.)

Guided by these rules the effect of this conveyance is easily
and surely determined. The declaration in the deed that the
property conveyed was to be regarded as an advancement upon
the share of the grantor's son in his estate, and that it was con-
veyed to the wife instead of the son, indicate that the arrange-
ment was regarded in the light of a settlement upon the family
of Frederick De Peyster, Jr., and repels the idea that it was
intended to confer an absolute estate upon the grantee therein
named. This view is further strengthened by the provisions
intended to guard the *corpus* of the property conveyed from
diminution while in the possession of the grantee, and the
requirements that either the same property, or in case of its
sale by the grantee during her life, its proceeds upon her
decease, should be conveyed unimpaired to the issue of the
grantee and Frederick De Peyster. The intention of the
grantor that Mary Livingston De Peyster should enjoy only
the rents, issues and profits of the property conveyed during
her life is unmistakably expressed in the conveyance and
seems to require that such a construction should be given to
the instrument as will effectuate that intention; although the
granting part of the deed would seem to import a conveyance
in fee, and a consequent repugnance between that estate and
the remainder subsequently provided for, yet when the whole
instrument is considered together, the apparent repugnance
is obviated by the express declaration that the form of the
grant was adopted for the purpose, only, of enabling the
grantee to sell and convey in fee-simple the property de-
scribed. The same repugnance, and no greater, occurs in all
conveyances of property in trust, whereby the title is vested in

trustees, but is made subject to the particular object defined in the subsequent clauses of the grant. Here the interest, which the grantee was to take in the premises, was clearly intended to be limited by the provisions inserted therein, requiring her to invest the entire proceeds of any sale of the property, either in real or personal securities, and the covenant by which she was upon her decease required to convey either the property itself—or the securities, in which its proceeds were invested to her issue. The circumstance that the ultimate disposition of the property was attempted by the grantor to be secured by a covenant does not in any degree impair the significance of the language used — as indicating his intent to direct such disposition. A construction, that gives Mary Livingston De Peyster an absolute estate in fee in the land, renders the clause declaring the grantor's intent in making it unmeaning and absurd, and constitutes a violation of the rule requiring effect to be given to every part of the instrument. No question could have arisen over this instrument except for the use of inappropriate words on the part of the conveyancer in describing the method of transmission, of the title from the grantee to her issue. The intent that the property should pass directly from the mother to such children as she should have by Frederick De Peyster, Jr., is expressed in clear and unambiguous terms, although the method of accomplishing this result is made impossible — if we are controlled by the letter of the deed. The covenant requiring the grantee upon her decease to convey the property to her issue is ambiguous and inappropriate. If construed according to its literal signification the physical capacity of the grantee to convey would have expired, upon the happening of the same event, which required her to execute the transfer of the title.

It is evident, therefore, that the grantor did not intend that which the letter of his grant imports, and rules of interpretation are necessarily invoked to give effect to his intention.

If the grantor had intended that the children of Mary and Frederick De Peyster should take the property through an affirmative transfer from his grantee, it would naturally have

been provided for through a testamentary devise, but this method of transfer is not referred to in the deed. A power to convey by deed alone, cannot be executed by a testamentary devise, even though the estate is not to take effect until after the death of the party executing the power. (3 R. S. [7th ed.] 2192, § 116.) It is probable that the grantor anticipated the certain conversion of the real estate into personal property during the life of the grantee, in which event the language used would be less inappropriate than as applied to the property described in the deed. Neither is it probable that he was either ignorant or unconscious of the laws of descent and distribution while framing his deed, and therefore realized that all of the children of his grantee would, upon her decease, inherit her real, and be entitled to a distributive share of her personal estate, without the intervention of any conveyance, and that such a result could have been jeopardized or defeated only by her voluntary act in incurring debts, or making by deed or will a contrary disposition. The grantor probably also contemplated the possibility of a second marriage by his grantee, and the birth of issue not of his own blood, who might, in case the property remained undisposed of, be entitled to share in the estate of their mother upon her death. He, therefore, inserted the covenant in question, probably as a security that neither the property nor its proceeds should be diverted from his own mediate descendants. Whatever construction is given to the instrument, the grantee still takes all of the interest which the grantor intended to confer upon her, and by confining her estate to that of a life tenant only, as is clearly contemplated by the deed, a door is closed against the possible defeat of the expressed intention of the grantor to transmit the *corpus* of the estate to his own descendants. (*Goodtitle* v. *Bailey*, Cowp. 600.)

If it be held that she takes the fee of the land, the covenant in the deed would restrain her from impairing the principal of the estate during her life, and if her interest is adjudged to be a life estate merely, she would of course be entitled to enjoy its rents, issues and profits during her life.

We think that a construction which gives to Mary Living-

ston De Peyster a life estate, only effectuates the design of the grantor, and is abundantly supported by authority. (*Jackson* v. *Myers*, 3 Johns. 387; *Moore* v. *Jackson*, 4 Wend. 68; *French* v. *Carhart*, 1 N. Y. 96; *Post* v. *Hover*, 33 id. 593; *Hunt* v. *Johnson*, 44 id. 27; *Saunders* v. *Hanes*, id. 354; *Terry* v. *Wiggins*, 47 id. 512; *Wager* v. *Wager*, 96 id. 164; *Smith* v. *Bell*, 6 Peters, 68.)

The grantee having died without exercising the power of sale conferred upon her, and issue having been born to her and Frederick De Peyster, a valid remainder was created in the property conveyed, which became vested upon the birth of such issue.

The only subject of inquiry remaining is, whether the power to sell the property and invest its proceeds, given to Mary Livingston De Peyster by the deed, has been properly executed by her. No other execution of it is claimed than that attempted to be delegated to her executor, by her will.

A brief examination of the several provisions of the deed will show that this delegation, did not constitute a valid exercise of the power. It will be observed, that while the power to sell is directly implied, careful provisions are also inserted for the disposition of the proceeds of the sale. They are to be immediately invested in real or personal property, and the principal is to be conveyed unimpaired to the issue upon the decease of the grantee of the power. It appears, therefore, that its exercise after the death of the grantee was impliedly forbidden, and she was given no eventual disposing power over the property conveyed. Her interest is confined to the enjoyment of the rents, issues and profits during her life.

These provisions do not constitute either of the expressed trusts permitted by the statute, and are, therefore, ineffective to create such an estate, but do contain an authority to do an act in relation to lands which the owner might himself lawfully perform, and there being other persons than the grantee entitled to the benefits, if any there are, derivable from the performance of the act, it takes effect as a power in trust. (3 R.

S. [7th ed.] 2188, §§ 74, 95; *Russell* v. *Russell*, 36 N. Y. 581; *Delaney* v. *McCormack*, 88 id. 174.)

This power is a general power, since it authorizes the grantee to convey the property to any alienee whatever (§ 77), but it is neither imperative nor beneficial, since its exercise is left altogether to the discretion of the grantee, and other persons than herself are to be benefited by its execution (§§ 79, 96). While the absolute power of disposition is vested in the donee, yet under the statute the express directions given for the investment of the proceeds, and the limitations imposed upon her authority to control its ultimate destination, show that it was not a power to be executed for her sole benefit, and the creation of a fee in the grantee of the deed, by implication, is therefore precluded (§§ 81, 85).

The interest which the heirs in remainder took in the described estate, did not at all depend upon the execution of the power, and they, therefore, had no interest in having it executed, their only concern in the subject relating to its wise exercise, whenever the donee should in her discretion, choose to avail herself of the authority conferred. As no duty is imposed by the deed upon the grantee to execute the power, so no authority is conferred upon the courts to compel its execution, and the subject of a sale is left to the sole discretion of the donee.

No right to the selection of the objects of the trust, is attempted to be given to the grantee, but the persons who are to take the estate are designated by the deed, and remain the same whether the power be executed or not.

It would seem, therefore, that the power was simply one of trust, to be exercised only when, in the judgment of its donee, the prudent and profitable management of the property, required its exchange into some safer or more remunerative investment. The exercise of the power was intended for the benefit of the owners of the ultimate estate, as well as for that of the life tenant, and could be exercised or omitted at the mere discretion of the donee.

The terms of the power confer its exercise upon the donee

alone, and being a trust to sell lands and invest the proceeds, it was purely a discretionary power, whose execution could not be delegated to another, or restrained or enforced upon the application of any of the parties.    (*Newton* v. *Bronson*, 13 N. Y. 592 ; Lewin on Trusts, 296 ; *Mayor of N. Y.* v. *Stuyvesant*, 17 N. Y. 42 ; Perry on Trusts, 287, 408.)

The power, and the trust connected therewith, necessarily determine upon the death of the grantee, and the property after that event went to the remaindermen, discharged of any authority over it by any person whatsoever.

It follows from these views that the title of the plaintiff derived through a deed from the executor of Mary L. De Peyster alone was defective, and justified the defendant in refusing to accept the conveyance tendered.

The judgment of the General Term should be reversed, and judgment absolute ordered for the defendant, with costs.

All concur, except FINCH, J., not voting.

Judgment accordingly.