WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—November, 1886.

## MATTER OF DAVIDS.

*In the matter of the estate of* SARAH M. DAVIDS, *deceased.*

Code Civ. Pro., § 2754, providing that the Surrogate must issue a citation, according to the prayer of a petition praying for the disposition of a decedent's real property, where it appears that the debts or funeral expenses cannot be satisfied without resorting thereto (under id., ch. 18, tit. 5), warrants the converse conclusion that, where such satisfaction may be effected without such resort, the citation should be refused.

Executors having presented a petition praying for the disposition of their decedent's real property, under the statute, it appeared that such property was devised, in trust for the benefit of decedent's husband during life, to petitioners, whom the will clothed with authority to sell the same, upon the consent of the husband, who was willing to give it, and that there was a deficiency of assets. The property not being "expressly charged with the payment of debts or funeral expenses" (Code Civ. Pro., § 2749), it was contended that a citation should issue.—

*Held,* that the executors should not proceed under the statute, but be left to exercise the power contained in the will ; and that a citation might properly be refused.

Russell v. Russell, 36 *N. Y.*, 581—distinguished.

PETER DAVIDS, who was the husband of the decedent, and a legatee under her will, filed an application for a citation requiring Peter T. Davids and Charles W. Johnson, the executors, to show cause why they should not render an account of their proceedings. The citation was issued and duly served, and during the pendency of that matter, the executors presented a petition with a view to the mortgaging, leasing or selling the real estate of the testatrix for the payment of her debts, by which it appeared that the debts and

funeral expenses were about $236, and the assets $25. The will clothed the executors with a power to sell the real estate during the life time of the husband, on his consenting thereto in writing.

EDGAR K. BROWN, *for petitioners.*

THE SURROGATE.—All the matters required, by § 2752 of the Code, to be set forth in the petition, appear to be properly stated. Section 2754 provides that "where the Surrogate is satisfied that all the facts, specified in the last section but one, have been ascertained, as far as they can be upon diligent inquiry, and it appears to him that the debts and funeral expenses, or either, cannot be paid, without resorting " (doubtless, under the provisions of that title) " to the real property, he must issue a citation according to the prayer of the petition." By looking into the will, it is ascertained that, while the testatrix directs the payment of her debts and funeral expenses, in the usual form, the real estate devised by her is not expressly charged with their payment, and hence it is claimed that it may be disposed of in order to pay them, as prescribed by § 2749. The petition is not required to state the provisions of the will in this respect, so that, it would seem, the fact must be ascertained by the Surrogate from other sources. In consulting the will, therefore, the fact is ascertained that the debts and funeral expenses are not so charged, as is above stated. But it is also found that the will contains these provisions:

"*Fourth.* I give, devise and bequeath all the rest, residue and remainder of my estate, both real and

personal, of what kind and nature soever, to my executors hereinafter named, in trust, to collect the rents, interest and income arising therefrom, and apply the same to the support of my husband, Peter Davids, for and during the term of his natural life, and should the interest, rents and income from my estate be insufficient for the comfortable support and maintenance of my said husband, then and in such case I direct my said executors to apply any or all of my estate, if necessary, to his support and maintenance."

" *Fifth.* I hereby authorize and empower my said executors, hereinafter named, if in their judgment it is best, to sell and dispose of any part, or all of my real estate, and give good and sufficient deeds of conveyance therefor, providing, however, such real estate shall not be sold during the life time of my said husband without his consent in writing."

Omitting the restriction of the power as contained in the fifth clause, from present consideration, the question would arise whether the court should order a sale under the fifth title of the 18th chapter of the Code, on the application of the executors, where the debts and funeral expenses were not expressly charged upon the real estate devised, and where the executors themselves were clothed with authority to sell. It would seem to be unjust, unreasonable and improper for the court to permit such a proceeding, as it could benefit no one, and would be burthening the estate with expenses to the injury of those interested. Why should it confer a power, with which the executors have already been clothed by the will? If they were to sell under that power, they could bring the pro-

ceeds into court, under the provisions of the Code, and they would be distributed as if they were derived from such a sale as the petitioners here seek. These considerations warrant the interpretation of § 2754 to be that, *e converso*, if it appear to the Surrogate that the debts and funeral expenses can be paid without resorting to the provisions of that title, he shall not issue a citation, according to the prayer of the petition.

As to the restriction on the power to sell contained in the will, it does not appear that the husband has refused, or is unwilling, to give his written consent to such sale. That fact should appear affirmatively, before any citation can be issued. But from what has occurred before me, I understand he is not only willing but anxious that the real estate in question should be sold.

In the case of Russell v. Russell (36 *N. Y.*, 581), to which I am referred by the counsel for the petitioner, the action was ejectment. The executrix was, by the will, clothed with power to sell. Under that power, she conveyed some real estate to a creditor of the testator in satisfaction of his claim, when the assets were sufficient to pay all claims. It was held, by a divided court (DAVIES, Ch. J., and GROVER J., dissenting) that the power was not well executed, and that the conveyance was void. It was also held that the debts should have been discharged by means of the personal estate, and that the real estate could only be applied to that purpose, upon an order of the Surrogate to sell, after the personal estate had been exhausted. Some of the *dicta* of the learned Judge who

delivered the prevailing opinion in that case would induce a belief that he had overlooked the provisions of L. 1837, ch. 460, § 75, then in force, which authorized an executor making a sale under a power to bring the proceeds into court for distribution. However that may be, the case was unlike this in that there, the assets were sufficient to pay all claims, while here they are very insufficient. There the transaction was not deemed a sale as contemplated by the testator, but rather the extinguishing of a debt, while here an actual sale would be in strict accordance with the power conferred. The proceeds could then be brought into court, and, under the provisions of the Code, the debts and funeral expenses be paid, and the surplus be retained by the executors who are the devisees in trust, to enable them to fulfil the duties imposed upon them by the will.

As the power to sell does not carry with it a power to mortgage, and as the petitioners might, in this proceeding, ask for authority to mortgage, it would seem that even such an order should not be made in this case. The petition shows that there are now two mortgages upon the premises devised, given by the testatrix, amounting together to six hundred dollars, on which some interest is now due. If a new one should be authorized, so far as can be seen, some of the fund realized would be required to be kept in hand to pay the interest to accrue thereon. The rents do not appear to have been sufficient to pay taxes, repairs, insurance and the interest on the subsisting mortgages. Hence, it would not be wise to put a further burthen upon it, when the resources of the estate,

outside of the realty, amount to nothing. The estate might thus be made bankrupt, or the interests of all concerned be seriously jeopardized.

It strikes me, under all the circumstances, that the most prudent course for the executors to pursue, is to exercise the power to sell conferred by the will and thus save something for the beneficiaries. They will then be in a position to comply with the provision of the will which directs them, in case the rents, etc., are insufficient for the comfortable support and maintenance of the husband, to apply any or all of her estate to that purpose. The loving intention of the testatrix is thus clearly manifested; and the advanced age, feeble health and destitute condition of the surviving husband are appeals for speedy action which should not be disregarded.

Application denied.