Dwight, J.
—The action was to restrain the defendants from the exercise of a power of sale, given to them by the will of Lucy Jane Blodgett, an aunt of the infant plaintiffs. Defendants are the executors of the will. The devise, as contained in the will, was for a mill property, a homestead, and a farm of 180 acres and upwards, connected therewith, to Norman Blodgett, a brother of the testatrix and the father of the infant plaintiffs, for fife, with remainder, in equal shares, to the plaintiffs, subject to the power of sale in question. Afterwards, and on the same day as the execution of the will, she conveyed a parcel of the land, comprising the mill property and eighty-eight acres, to Norman Blodgett, in fee.
The power of sale was in these words: “In case of the death of Norman Blodgett leaving any of his four children under age, I authorize my executors, at their discretion, at any time after the death or coming of age of any of said children, to sell and convey any or all of the real estate, so devised, to them after his life estate, and to keep the proceeds thereof invested, for their benefit, until they become entitled to receive the same.”
Norman Blodgett, the father, died in March, 1883. On the eighty-eight acres conveyed to him and since inherited by the plaintiffs, subject to the dower estate of their stepmother, are a grist mill and two tenant houses. The homestead dwelling and farm buildings are on the 100 acres. The whole 188 acres have heretofore been worked as one farm.
The trial judge found as facts in addition to the foregoing that the 100 acres was worth not to exceed $150 per acre; that the defendants as executors of the will of the testator and by virtue of the power of sale, have offered the 100 acres for sale, and intend to sell the same if they can procure a purchaser at a fair price. And, as conclusions of law, that they are empowered and authorized to do so *490 whenever, in their discretion, it shall be advisable, and that it does not appear that the sale of the 100 acres at this time, and for a fair price, would be an abuse of their discretion. Thereupon he dismissed the complaint on the merits, with costs, and judgment has been entered accordingly.
The first and most obvious remark suggested by the facts appearing on this record, is that the infant plaintiffs in this action take the property in question, not by inheritence, but by the bounty of a collateral relative who, by the same testamentary act, has subjected the gift to the discretion of her chosen representatives as to whether it shall go to the beneficiaries in the form of the land devised, or of the proceeds of its sale. The authority to sell is given in clear and positive terms, and the discretion conferred is absolute and unqualified; it is not even limited, in terms, by any consideration of the best interests of the objects óf the testator’s bounty; the language is, “I authorize my executors, at their discretion, * * * to sell and convey * * * and to keep the proceeds invested for them (the children’s) benefit.” The provision constitutes a condition of the gift. The plaintiffs cannot take the one without accepting the other. If the condition is a burden,. it is imposed by the same benevolence which prompted the gift. It is not the province of a court of equity to relieve from such conditions. It will interfere only with the exercise of such a discretion in a clear case of abuse, bad faith or fraud. Champlin v. Champlin, 3 Edw. Chan., 571. In several cases in this state, a power of this kind has been held to be a purely personal trust and confidence which can neither be delegated, enforced nor restrained. Newton v. Bronson, 3 Kernan, 587; Mayor v. Stuyvesant, 17 N. Y., 34; in re Bierbaum, 40 Hun, 504; Coleman v. Beach, 97 N. Y., 545.
In Mayor v. Stuyvesant (supra), the court speaks of “trusts resting in discretion, the exercise of which can neither be compelled if the trusts will not exercise it, nor controlled if he exercises it unwisely,”' and says, “ in such cases it is apparent that the creator of the triist looked to have it exercised upon grounds of propriety, depending, perhaps, upon circumstances which cannot be noticed in a legal or equitable forum, but which address themselves wholly to the conscience, good faith and wisdom.
In the case of In re Bierbaum (supra) the testatrix had authorized her executor, in terms almost identical with those employed in the will in this case, to sell any or all of her real estate. The executor died, and the application was for the appointment of another trustee to execute the power. The court held that the power of sale was purely discretionary, could only be performed by the donee selected *491 by the testator, and could neither be restrained nor enforced.
In Coleman v. Beach (supra) the court say: “It would seem that the power was only one of trust, to be exercised only when, in the judgment of the doner, the prudent and profitable management of the estate required its exchange into some safer or more remunerative investment. The exercise could be omitted or not, at the mere discretion of the donee.” And further: “ The terms of the power confer the discretion upon the trustee alone, the exercise of which could neither be restrained nor enforced upon application of any of the parties.”
In Lawrence v. Cooke (104 N. Y., 632; 6 N.Y. State Rep., 772) the court say: “ It was the will of the testator that the defendant should be the sole judge of the manner in which provision for the plaintiff should be made. * * * It was beyond the power of the court to substitute its discretion for her’s (the defendant’s), and no trust was created which a court of equity could execute contrary to her (the defendant’s judgment. * * * It is not for the courts to repudiate the confidence which the testator chose to repose in the defendant and assume a power which was not intended to be exercised by them.”
The case of Quackenboss v. Southwick (41 N. Y., 117) is not in conflict with the doctrine of the cases cited. That was a proceeding under a statute (1 R. S., 730, § 70) for the removal of a trustee of an express trust, on the ground of unfitness for the duty. In this case no trust was created. The defendants are the donees of a naked power, to be exercised or not in- their discretion.
The trial judge finds, in this case, that it does not appear that the sale of the premises, at this time, and for a fair price, would be an abuse of the discretion of the executors. There is no evidence of fraud, and none which can be claimed to establish bad faith on the part of the executors.
Evidence was taken as to the rental value of the premises, and it must be said that the theory of the defendants is well supported, to the effect that a larger and more reliable income may be derived from the investment of the proceeds of a sale at a fair price, than can be hoped for from the renting of the farm. The children cannot work the farm for themselves; the stepmother seems to have been a school teacher, and is not accustomed to the management of land. The only reasonable use of the farm, if the title were retained by the children, would be to rent it.
But it is said that the physical condition of the children is such as to require the retention of the house, on the 100 acres, for their home. To that it must be answered that the testatrix, who had lived with these children all their lives, and whose interest in them was shown by the devise in their *492 favor, must be supposed to have understood their condition and needs as fully as the court can hope to be advised in respect thereto by the evidence in this case. And after all, the fact remains that she has reposed in these trustees the confidence of devolving upon them the responsibility of deciding whether these children shall retain the land, or take the proceeds of its, sale.
Upon the record before us, and especially in view of the fact that it does not purport to contain all the evidence taken on the trial, we are unable to say that the finding of the court below was not fully warranted by the evidence, viz: that the sale of the land, at a fair price, would not be an abuse of the discretion so amply conferred by the testatrix upon the trustees of her choice. Of course, if they should dispose of the property at an unfair price, or otherwise in a manner indicating bad faith in the exercise of that discretion, they would render themselves liable for its abuse.
We think the findings below are sustained by the facts before us, and that the judgment must be affirmed with costs.
Judgment affirmed with costs.
All concur.