Rollins, Surr.
This estate is insolvent. In December last its administrator was directed to pay various creditors a dividend of forty per cent, upon the amount of their respective claims and to retain in his hands the remaining assets, amounting in all to $904, “ to abide the result of the claims of Dennis Shields.” Shields subsequently recovered judgment against this administrator for the sum of $1,849.76, together with $121.55 as costs and disbursements, making in all the sum of $1,971.81. He now claims that in addition to forty per cent, of the $1,849.76, he is entitled to payment in full of his costs and disbursements out of the assets of the estate. This claim is opposed by the administrator, who insists that as respects costs, no less than as respects other elements which, - taken together, make up the amount of the judgment, the judgment creditor must content himself with a dividend of forty per cent.
Section 27, title 3, chapter VI. part 2, Revised Statutes (3 Banks’ 7th ed. 2298), prescribes the order in which an executor or administrator must discharge his decedent’s debts. That order is as follows:
1st. Such debts as are preferentially entitled under the laws of the United States.
2d. Taxes assessed against the decedent in his lifetime.
3d. Judgments and decrees against him according to their priority.
4th. “ All recognizances, bonds, sealed instruments, notes, bills and unliquidated demands and accounts.”
‘ Section 28 of the same title declares that “ no preference shall be given in the payment of any debt over other debts of the same class, except those specified in the third class .... nor shall the obtaining of a judgment against the executor or administrator entitle such debt to any preference over others of the same class.”
*196 In view of these statutory provisions, is the creditor Shields entitled to 100 per cent, upon so much of the whole amount of his judgment as relates to costs, despite the fact that upon the remainder he can justly lay cl aim to 40 per cent, only S
In Columbian Ins. Co. v. Stevens (37 N. Y. 536), the court of appeals held, that one who had successfully defended an action brought against him by the receiver of an insolvent corporation was not bound to accept with the general creditors a pro rata dividend for his costs, but was entitled to be paid in full out of the funds in the receiver’s hands. ■
In opposing that doctrine, counsel for the receiver,as I have discovered upon examination of his brief in the court of appeals, cited certain statutory provisions closely analogous to those that are relied upon -by decedent’s administrator in the case at bar. He referred to section 79, tit. 4, chap. 8, part 3, of the revised statutes, the section that establishes the order in which moneys in the hands of the receiver of a corporation must be distributed among its creditors. Debts entitled to preference under the laws of the United States have priority; next follow judgments obtained against the corporation, to the extent of the value of the real estate on which they are liens; all other creditors are entitled to be paid pro rata, according to their respective demands.
It was forcibly argued in behalf of the receiver that this forbade any preference of judgments, except so far as they were liens upon real estate, and that a judgment for costs, not being included among the accepted or preferred claims, was entitled, in case of deficiency of funds, to its pro rata dividend only.
In commenting upon this phase of the controversy, Judge Woodbtjee, pronouncing the opinion of the court, said:
“ To the suggestion that the statute will not permit *197 the preference sought, it must suffice to say that it is not sought to give a preference to the defendants in the payment of a debt of the company as such ; it is to require the fund to bear and pay an expense incurred for its benefit or increase.”
This language is very apposite in its application to the case at bar.
The statute whose provisions are invoked by counsel for this administrator establishes the order for payment, not of claims against a decedent’s estate, but of “ debts of the deceased.”
And when it declares (§ 28) that the obtaining of a judgment against an executor or administrator for a debt of his decedent “ shall not entitle such debt to any preference over others of the same class, it does not provide and does not undertake to make provision respecting the costs of an action for the collection of such debt.
The administrator’s successful defense of the suit, brought by the creditor Shields, would have secured for the undisputed creditors of this estate an additional dividend out of the fund reserved, and it is but just that out of that fund the prevailing party should receive in full the costs that have been awarded him by the supreme court.
Upon the argument of this motion, it was suggested by counsel who represented the administrator in the supreme court action, and who was successful to the extent of cutting down plaintiff’s claim from $1,900 to $1,800, that the administrator should be granted for counsel fees, in that litigation, an allowance out of the fund in his hands, and that such allowance, as an expense of administration, is entitled in. priority over the claims of creditors.
I cannot sustain this contention, and for these-reasons:
1st. In no event could such allowance be made until *198 the administrator had paid his counsel and applied for reimbursement.
2d. The order directing the reservation of funds in the hands of the administrator must be construed, in view of the circumstances under which it was entered, as directing the application of those funds in the first instance to the satisfaction of the Shields judgment.
3d. Even were it otherwise, it is evident that, while the expenses incurred by the administrator in the defense of the action in the supreme court might properly have been deducted from the total assets before the payment of dividends to creditors, they cannot mow be saddled upon one creditor alone. He could only be liable for his pro rata share, and for the reasons I have indicated he should not be held answerable even for that.
Let an order be entered directing the administrator to pay to Dennis Shields or his attorney the costs and disbursements awarded him by the supreme court, together with forty per cent, of the whole amount of the judgment, exclusive of such costs.