In the Matter of the Judicial Settlement of the Accounts of JANE A. McDOUGALL et al., as Administrators, etc.

By the will of S. he gave his residuary estate to his wife, "to be used and enjoyed by her" during life or as long as she should remain his widow, and at her death or re-marriage then the same to be equally divided between other persons named in the will; the same to be "received and accepted" by her in lieu of dower. The testator left personal estate only, which was converted into money. The executor died and an administrator with the will annexed was appointed, who incurred some expense as such. Upon settlement of the executor's accounts the surrogate decreed that the whole fund should be paid over by the administrator of the executor directly to the widow, who was then a resident of another state, and that she was entitled to the possession thereof without giving security. *Held*, error; that the administrator with the will annexed was entitled to have the money paid over to him, and if he had made any disbursements, or incurred any obligations properly chargeable to the estate, he was entitled to an opportunity of proving this and to a decree for their payment; also, that the will simply gave to the widow an estate for life or during widowhood, and upon the happening of either event the remaindermen were entitled to the whole *corpus* of the estate; that as the property was not of a kind which must be individually possessed in order to be enjoyed, she was not entitled to possession without giving security.

*Smith* v. *Van Ostrand* (64 N. Y. 278); *Flanagan* v. *Flanagan* (8 Abb. [N. C.] 413); *In re Woods* (35 Hun, 60); *Thomas* v. *Wolford* (1 N. Y. Supp. 610); *Champion* v. *Williams* (36 N. Y. S. R. 706), *In re Grant* (16 N. Y. Supp. 716), distinguished.

(Submitted December 21, 1893; decided January 16, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made October 4, 1892, which affirmed a decree of the Surrogate's Court of Steuben county upon a final settlement of the account of the administrators of John McDougall, executor of the will of Dan E. Spooner, deceased.

Dan E. Spooner died in 1871 while a resident of Steuben county in this state. He left a will which was duly admitted to probate in Steuben county in August, 1871. He nominated John McDougall as his executor, who duly qualified. He left a widow, a mother and a brother surviving him. He left a legacy of five hundred dollars to his mother, one thousand dollars to his brother, and " Third, all the rest, residue and remainder of my estate, both real and personal, I give and bequeath and devise unto my well-beloved wife, Cornelia Spooner, to be used and enjoyed by her during the term of her natural life, or as long as she shall remain my widow, and at her death or marriage then the same to be equally divided between my said mother, Sarah A. Spooner, and my said brother, John C. Spooner, share and share alike, and to their heirs and assigns forever. The above to be received and accepted by said wife in lieu of dower." The testator left personal estate only, and it amounted to a trifle over $8,000. The executor paid all debts and the other legacies, so that there was left as the " rest and residue " of the estate a sum of $6,000, and from 1871, down to the death of the executor, he had regularly paid the interest upon that sum to the widow, Mrs. Spooner. Mr. McDougall died November 2, 1888, the interest on the $6,000 having been duly paid up to the preceding first of October. McDougall had never rendered any formal account of his proceedings as executor of Spooner's estate. Jane A. McDougall and Shirley E. Brown were, in November, 1888, appointed administrators of the estate of John McDougall. They admit the possession as such administrators of the $6,000, the " rest and residue " of the Spooner estate.

John C. Spooner, the brother of Dan E. Spooner, and

named as one of the residuary legatees in his will, was appointed by the Surrogate's Court of Steuben county, on or about Dec. 1, 1890, the administrator with the will annexed of the estate of said Dan E. Spooner. The sole parties interested in the estate of Dan E. Spooner at the time of the commencement of these proceedings were Cornelia Spooner, the widow of Dan, and John C. Spooner, his brother, who is now sole surviving residuary legatee and administrator of his estate with the will annexed. As such administrator John C. Spooner commenced proceedings for a final accounting of the administrators of the estate of McDougall as executor of the Spooner estate. Then the administrators of that estate commenced like proceedings, and subsequently the widow, Mrs. Spooner, commenced similar proceedings, so that all the parties in interest in the matter were before the court. The different parties then in open court all appeared upon each of these proceedings and the court proceeded, with the consent of all parties, to an immediate and simultaneous hearing of all the petitioners. It was not disputed that all the debts of the deceased, Dan E. Spooner, had been paid by McDougall, together with all the legacies, excepting the $6,000, which were in the hands of the administrators of McDougall ready to be distributed under the decree of the surrogate, and they waived all right to commissions on the moneys in their hands.

Counsel on behalf of the widow demanded of the administrators of McDougall that they should pay to her the *corpus* of the estate of $6,000, and also the interest which had accrued thereon. This was objected to by John C. Spooner, as the administrator with the will annexed of the estate of Dan E. Spooner, and also by him as the sole remainderman in the said legacy. The surrogate decided that he had the right and it was his duty to decree the payment of the $6,000 directly to the widow as the legatee under the above-cited third clause in the will of Dan E. Spooner and that she was entitled to the custody and possession of the *corpus* of such estate without giving any security therefor.

Mrs. Spooner, the widow, is a non-resident of the state and

a resident of the city of Minneapolis in the state of Minnesota. The General Term has affirmed this decree, and John C. Spooner, as the administrator with the will annexed, and also as remainderman, has appealed here.

*J. Rosecrans* for appellant. The estate of Dan E. Spooner, deceased, should be paid to the administrator with the will annexed, and the refusal of the surrogate to so find was error. (*Douglass* v. *Satterlee*, 11 Johns. 16; *Murray* v. *Blatchford*, 1 Wend. 583; *Valentine* v. *Jackson*, 9 id. 302; *Babcock* v. *Booth*, 2 Hill, 181; *Kaufman* v. *Schoeffel*, 46 Hun, 571; *Schultz* v. *Pulver*, 11 Wend. 361; *Bowers* v. *Emerson*, 14 Barb. 652; Code Civ. Pro. §§ 2560, 2562, 2603, 2606, 2743; *Spencer* v. *Popham*, 5 Redf. 425; *Sperb* v. *McCann*, 15 Civ. Pro. Rep. 371; *Livingston* v. *Murray*, 68 N. Y. 485; *Smith* v. *Van Ostrand*, 64 id. 282; *Tyson* v. *Blake*, 22 id. 558; Willard on Exrs. 389; *Spear* v. *Tinkham*, 2 Barb. Ch. 231; *Clark* v. *Clark*, 8 Paige, 152; *Connehour* v. *Sheler*, 2 id. 122.) The widow, Cornelia Spooner, having applied by petition for a settlement of the accounts of the deceased executor, John McDougall, the court erred in overruling the administrator's demurrer and objections to her demand, and finding that she was entitled to have the whole estate paid over to her without giving security. (*Smith* v. *Van Ostrand*, 64 N. Y. 282; *Tyson* v. *Blake*, 22 id. 558.) The surrogate has no jurisdiction as matter of law, and cannot construe the will of decedent on this accounting. (Code Civ. Pro. § 2606; *Kelsey* v. *Van Camp*, 3 Dem. 530.)

*J. F. Parkhurst* for respondent. Respondent Cornelia Spooner is entitled, under the will, to the possession of the residue of the estate during her life or widowhood. (*Roseboom* v. *Roseboom*, 81 N. Y. 356; *In re Woods*, 35 Hun, 60–64; *Champion* v. *Williams*, 36 N. Y. S. R. 706; 103 N. Y. 648; *In re Yates*, 99 id. 94; *Flanagan* v. *Flanagan*, 8 Abb. [N. C.] 413; *In re Benedict*, 16 N. Y. Supp. 716; *Smith* v. *Van Ostrand*, 64 N. Y. 278; *Thomas* v. *Walford*,

1 N. Y. Supp. 610.) The surrogate had jurisdiction in these proceedings, and it was his duty to direct that the *corpus* of this estate be paid to the widow. (Code Civ. Pro. §§ 2603, 2606.)

PECKHAM, J. If otherwise proper, we may for this purpose assume that by the practical consolidation of all three proceedings before the surrogate, he had the power to decree the payment of this legacy by McDougall's administrators directly to the party to whom it was unquestionably due, all debts and other demands (if any) entitled to priority of payment having been first paid by the deceased intestate executor. We are not disposed to hold that the surrogate must, under such circumstances, direct the payment to the administrator with the will annexed, for the sole purpose of thereby enabling him to include the amount in his accounts upon which to reckon his commissions.

This, however, is not such a case.

In the first place, it seems to have been one of the facts conceded on the hearing that John C. Spooner, the administrator with the will annexed, had been to some expense in relation to taking out letters of administration and for disbursements in regard thereto. Whether such expenses and disbursements should be charged against the estate does not seem to have been affirmatively disposed of by the surrogate, further than by ordering the whole balance of the estate paid to the widow. If the administrator has made any disbursements or incurred any obligations for which the estate is properly chargeable, he should have the opportunity of proving that fact and having a decree made for their payment out of the estate. Whether he has or not we do not say, for in the absence of further evidence we cannot determine that matter. The surrogate can decide the point when it is properly presented.

He has decided in this case that the widow is entitled, as matter of law, to the unconditional possession of the $6,000, "rest and residue" of this estate, without giving any security whatever.

The property which is to be intrusted to her is not of the description of chattels which must be individually possessed in order to be enjoyed. It is $6,000 in cash which the widow is thus to take possession of and carry with her to a distant state, and beyond the jurisdiction of our courts. The remainder-man is thus left wholly without any other protection than the responsibility of the non-resident widow.

The right to make such decree is based by the surrogate upon the language of the will as contained in the above-cited third clause. Because the testator says that he leaves the "rest and residue" of his estate to his wife, "to be used and enjoyed" by her during her life or widowhood, such expression, in the opinion of the courts below, necessarily requires that she shall have the possession of the legacy so as to use and enjoy it. On the contrary, we think the testator meant to give the widow nothing but an estate for her life or widowhood, and that the remaindermen were entitled to receive, upon her death or marriage, the whole *corpus* of the estate. There was certainly no occasion for the possession of the *corpus* by the widow if she were to have no right to use anything more than the income, and the possession of the *corpus* would give her no right under this will to use any portion of it. The expression "to be used and enjoyed by her" gave her no enlarged interest in such legacy beyond what she would have received if such expression had been omitted. By the use of the language which follows the expression, the intention of the testator is made manifest and the widow thereby takes but an estate terminable at her death or re-marriage, and without power to expend any portion of the *corpus* for any purpose whatever. In such a case the legatee for life is not entitled to possession of the *corpus* without giving security, certainly not if he be insolvent or a non-resident. In other cases where it has been held that the legatee was entitled unconditionally to the possession of the legacy without security, other facts existed, such as where the language of the will made it manifest that the testator intended to give to the legatee power to use in his discretion

some portion of the *corpus* of his estate for his support, or a right to dispose of it during his life by gift or otherwise, or else it appeared that it was personal property of the nature of chattels which would require possession in order to enjoy the gift and such possession was clearly contemplated by the testator, or the whole scheme of the will or the terms of the particular legacy were such as to show that the testator intended to give a legacy of money for life only, and yet clearly intended the life legatee to have possession thereof and trusted to him not to waste, use or otherwise dispose of the *corpus*. The cases cited by the counsel for the respondent embody some such principle as is thus stated. (*Smith* v. *Van Ostrand*, 64 N. Y. 278; *Flanagan* v. *Flanagan*, 8 Abb. [N. C.] 413; *In re Settlement Wood's Estate*, 35 Hun, 60; *Thomas* v. *Walford*, 1 N. Y. Supp. 610; *Champion* v. *Williams*, 36 N. Y. St. Repr. 706; *In re Grant*, 16 N. Y. Supp. 716.) This is not like any of those cases. No such simple and plain language as this will contains can properly be construed as enlarging the quality of the estate of the life tenant, and no language can be found in it from which it can be inferred that the intention of the testator was to intrust the widow with this whole residue of the estate in cash, and waive the giving of any security by her. I have found no case where language similar to that employed in this will has been held to convey anything more than a life estate. That the legacy was in lieu of dower gives her no larger estate than she would have taken without those words. She had no right on that account to use or give away or otherwise dispose of any part of the *corpus*. The language is plain and unambiguous, and cannot be enlarged by any implication arising from the fact that it is given in lieu of dower.

Nor does such language authorize the delivery of the legacy to the legatee without exacting security. It is in lieu of dower, but the fact still remains that it is a life or during widowhood legacy of money, and the widow is a non-resident of the state. Possession of the *corpus* was not at all necessary to the enjoyment of the legacy in the manner and to the

extent intended by the testator, as such intent can be gathered from the language he employed in his will. If the property were chattels or something of that nature which, in order to be physically used or enjoyed, must be possessed, then the proper course would be to exact an inventory of such property, and an acknowledgment that it was held for life only, with the title in the remainderman subject to the precedent life estate. (1 Sto. Eq. Jur. § 604, note 1; *Covenhoven* v. *Shuler*, 2 Pai. 122, 132; *Tyson* v. *Blake*, 22 N. Y. 558; *Livingston* v. *Murray*, 68 id. 485.)

The above cases also show that it is the right of the executor in a case like this, before paying over to a life legatee a life legacy in money, to exact security from such legatee for the forthcoming of the *corpus* of the legacy at the time of the termination of the life or other happening of the contingency provided for. Where the life tenant is insolvent or a nonresident of the state, it is still more certain that the remainderman has a right to demand that the life tenant shall give security before the *corpus* of the legacy is delivered to him. (*Clarke* v. *Terry*, 34 Conn. 176; *In re Petition of Camp*, 126 N. Y. 377, 385.)

The surrogate should have directed the payment of the moneys to the administrator with the will annexed, who should have the opportunity of proving his legitimate charges against the estate, and, after payment thereof, he should be decreed to invest the balance (after deducting costs as herein directed), and pay the interest thereon to the widow, or if she elect to take the *corpus*, then she should be permitted to do so upon giving security in the shape of a bond, with sureties to be approved by the surrogate and running to the administrator with the will annexed, or his successor, conditioned for the payment of the whole *corpus* of the legacy to him upon the death or re-marriage of the widow.

The costs at General Term and in this court of the administrator with the will annexed to be first deducted from the *corpus* of the estate under the direction of the surrogate, together with the several allowances heretofore made by him.

No costs should be allowed the life legatee in the General Term or in this court.

The decree appealed from must, therefore, be reversed and the record remitted to the surrogate of Steuben county for further proceedings in conformity with this opinion.

All concur, except BARTLETT, J., not sitting.

Decree reversed.