JOHN C. SPOONER, Administrator with the Will Annexed of DAN E. SPOONER, Deceased, Appellant; CORNELIA SPOONER, Respondent.

*Expenditures of an administrator for counsel fees — allowance only for disbursements actually paid.*

The expenses to be allowed by the surrogate to an administrator for the charges and disbursements made and incurred by him for counsel must be reasonable and necessary, of which the surrogate must necessarily be to a great extent the judge, he being familiar with the services rendered, their character and the necessity for them.

In no event can an allowance be made to an administrator for his expenses, such as counsel fees, until such expenses have been paid by him, except the allowances made under sections 2561 and 2562 of the Code of Civil Procedure.

APPEAL by John C. Spooner, administrator with the will annexed of Dan E. Spooner, deceased, from a decree of the Surrogate's Court of the county of Steuben, entered in the Steuben County Surrogate's Court on the 3d day of May, 1894, disallowing certain items of the appellant's accounts upon the judicial settlement of his accounts as administrator with the will annexed of Dan E. Spooner, deceased.

Fifth Department, March Term, 1895.          [Vol. 86.

*J. Rosecrans*, for the appellant.

*J. F. Parkhurst*, for the respondent.

Ward, J. :

Dan E. Spooner died about the 23d of July, 1871, leaving a last will and testament. John McDougall, of Hornellsville, was appointed executor of said will and qualified as such, and discharged his duties until his death, which occurred the 12th of November, 1888. Jane McDougall and Shirley E. Brown were appointed his administrators. Spooner left him surviving his mother, a brother, who is the present administrator, and Cornelia Spooner, a widow, who is the respondent here. They were all legatees under the will. The executor paid the legacies to the mother and brother, and the interest on the legacy of the widow down to the time of his death. The widow by the will was given the interest on $6,000, the fund to go to appellant upon the death of the widow. The administrators of McDougall paid the interest to the widow until November 11, 1890, when the appellant was appointed administrator with the will annexed. He then resided at Auburn, in this State. He retained counsel there in the matter (Mr. Rosecrans). The administrators of McDougall and the appellant adjusted the matter of the legacy and agreed that $6,000 belonged to the estate of Dan E. Spooner. The appellant claimed the custody of the fund and that it should be paid over to him, and he pay the widow the interest. The widow refused and the matter was submitted to the Surrogate's Court of Steuben county, and that court held that the appellant was not entitled to the custody of the fund. From that decision the appellant appealed to the General Term where the surrogate was sustained. The appellant further appealed to the Court of Appeals where the decision of surrogate and the General Term was reversed, with costs in favor of the appellant (*Matter of McDougall*, 141 N. Y. 21), and the Court of Appeals directed the surrogate that "if the administrator has made any disbursements or incurred any obligations for which the estate is properly chargeable, he should have the opportunity of proving that fact and having a decree made for their payment out of the estate." Rosecrans was the attorney who conducted the appeals for John C. Spooner. After the entry of the Court of Appeals judgment, Mr. Rosecrans rendered a bill against the admin-

istrator, commencing with November 14, 1890, and ending with February 20, 1894, amounting to $1,023,35, $291.68 of which was for taxable costs and disbursements of the General Term and Court of Appeals, $150 of which was denominated "counsel fee at General Term and Court of Appeals." There was charged in this account for ten trips going from Auburn to Bath and once to Hornellsville; for twenty-two days' service, at $15 per day, amounting to $330; $20 is charged for making brief on settlement; $30 is charged for "making brief on accounting;" $50 is charged for "counsel;" $76.67 is charged for expenses of this attorney in these various trips. There does not seem to have been any serious controversy until the question arose before the surrogate as to who was entitled to the fund of $6,000. That controversy, as before said, went through to the Court of Appeals, for which the said attorney collected the taxable costs, he being successful. What the $150 counsel fee, or the $50 counsel fee was for, does not distinctly appear, except, generally, that Mr. Rosecrans claimed them, and they were allowed to him. After the decision of the Court of Appeals, evidence was taken before the surrogate as to these claims. The appellant, and his attorney were sworn as witnesses. I cannot find from a close examination of the papers that the administrator had paid any of those claims to his attorney. The surrogate, after a careful examination of the claims, allowed $35 for going to Bath and Hornellsville on the first occasion, where the attorney had charged $60, and allowed $60 for the services of the attorney upon the accounting. And also allowed the $150 counsel fee, which should also cover certain items in the charge. Allowed the $76.67 expenses that the attorney claimed he had incurred. A former decree of the Surrogate's Court had allowed Rosecrans $50, which covered some of the services charged in the bill, so that altogether the attorney had received besides his expenses of $76.67, and besides the costs on the appeal, $291.68, making a total of $586.68, besides expenses.

The surrogate deemed this a sufficient compensation for all the services and expenses of the attorney, and rejected the rest of the claim. The surrogate also allowed the traveling fees and expenses of the administrator himself of fifty-nine dollars and three cents in and about this business.

The expenditures to be allowed in such cases by the surrogate

must be reasonable and necessary, of which the surrogate must necessarily be, to a great extent, the judge. He is familiar with the services rendered, their character, and the necessity for them. The rule is well settled that in no event can an allowance be made to a representative for an administrator's expenses, *e. g.*, counsel fees, until they are actually paid. (Redf. Surr. 454; *In the Matter of the Estate of Bailey*, 47 Hun, 477; *Shields* v. *Sullivan*, 3 Dem. 296.)

Only the allowance that the surrogate makes under sections 2561 and 2562 of the Code of Civil Procedure can be allowed the administrator until he has actually paid the expenses for which he claims. It will be seen, therefore, that all of this account except that upon judicial settlement, must have been paid by the administrator before he is entitled to be reimbursed; but, waiving this question, we think upon the proof before us, that the surrogate allowed all that was reasonable and just upon this bill.

The decree of the surrogate of Steuben county is affirmed, with costs to the respondent to be taken out of the *corpus* of the fund owned by the administrator and appellant.

DWIGHT, P. J., LEWIS and BRADLEY, JJ., concurred.

Decree affirmed, with costs payable out of the *corpus* of the fund.