## In re BENEDICT'S ESTATE.

### In re GRANT.

(Supreme Court, General Term, Fifth Department. April 12, 1895.)

WILLS—CONSTRUCTION—CUSTODY OF ESTATE.

Testator gave his widow all the rents and profits of the estate for life, and provided that if they should not be sufficient the principal might be used for her support, but no trustee was appointed during her lifetime. *Held,* that she was entitled to the possession of the corpus of the estate. In re McDougall (N. Y.) 35 N. E. 961, distinguished.

Appeal from surrogate's court, Steuben county.

Judicial settlement of the accounts of Benjamin F. Grant as executor of the will of James Benedict, deceased. From the decree settling the accounts the residuary legatees appeal. Modified.

Argued before DWIGHT, P. J., and LEWIS and BRADLEY, JJ.

J. C. Sebring, for appellants.

J. F. Parkhurst, for respondent.

BRADLEY, J. This appeal was heard and decision made in October, 1891, upon opinion of Lewis, J. 16 N. Y. Supp. 716. It was then held that the widow of the decedent was entitled to the possession of the estate, as no trustee of it was appointed by the will. In that respect the determination of the surrogate's court as to the construction of the will was sustained. The proceedings were remitted to the surrogate to take proof of certain items of $50 and $100, allowed to the executor, because it did not appear by the record that they should have been allowed. The matter thereupon came again before the surrogate's court, and proof for the allowance of those items was made. No question is now raised in that respect. But it is urged by the learned counsel for the appellants that a reconsideration should be had of the question of construction and effect of the provision of the will upon which it was held on the former review that the widow was entitled to the possession of the fund. And it is insisted that this is required by the decision of the court of appeals in Re McDougall, 141 N. Y. 21, 35 N. E. 961. There seems to be a substantial difference in the provisions of the wills in the two cases upon the subject to which the question here relates. There the testator gave the rest and residue to his wife, "to be used and enjoyed by her during her life or widowhood." By the will in question the testator gave his widow the right to the rents and profits of the estate for life, and, if that should be insufficient for her support, the corpus of it might be used for that purpose. The right so given in such event to use the principal of the fund distinguishes this from the Mc-Dougall Case, and such distinction has recognition in the views there expressed by Judge Peckham that "in other cases, where it has been held that the legatee was entitled unconditionally to the possession of the legacy without security, other facts existed, such as where the language of the will made it manifest that the testator intended to give to the legatee power to use in his discretion

some portion of the corpus of the estate for his support." Such is the purpose expressed in the will in question, and therefore the views of the court on the former review are readopted. The surrogate, however, in his findings states that by inadvertence a certain sum of $50.88, allowed to the executor, and included in the decree, should be deducted from it. With that modification the decree of the surrogate's court should be affirmed, without costs. All concur.