(28 Misc. Rep. 421.)

### JONES et al. v. JONES et al.

#### (Supreme Court, Special Term, Oneida County. July, 1899.)

CONSTRUCTION OF WILL—CREATION OF TRUST—LIFE ESTATE.

The will of a married woman gave to her husband the use of all of her property during his natural life "for his support, the same not to be liable for any debt existing against him," and devised and bequeathed the remainder to her children. *Held,* that the will did not create a trust estate, but simply gave the husband a life estate, and that the income and increase of the property during his life and while in his possession was subject to his disposition and to his debts, except so much thereof as was required for the payment of taxes and charges necessary to protect the rights of the remainder-men in the property.·

Action by Seymour Jones and others against Garry M. Jones and others. Judgment for defendants.

The will of Julia A. Jones, deceased, disposed of her property as follows: "First. I give, devise, and bequeath to my husband, Seymour Jones, the use of all my property of every name, nature, and description, both real and personal, for and during the term of his natural life, for his support, the same not to be liable to any debt existing against him. Second. I give, devise, and bequeath all the rest, residue, and remainder of my property, real and personal, to my children. * * *" After the death of his wife and the probate of the will, the plaintiff Seymour Jones took possession of the property. An execution issued on a judgment rendered against him prior to his wife's death was levied by defendant Miller, as sheriff, on certain property in his possession, which is claimed to be property covered by the will, or produced from such property, and plaintiffs bring this action as executors to restrain its sale on the ground that the husband's interest under the will is a trust estate.

E. L. Stevens, for plaintiffs.
J. S. Baker, for defendants Reese and Miller.
Risley & Love, for defendant Dennison.

HISCOCK, J. In my opinion, Seymour Jones took a simple life estate in the property of his wife, and no trust was created. There certainly can be no question but that the first part of the clause under review, whereby the testatrix gave him "the use" of all her property "for and during the term of his natural life," created such estate, especially when read in connection with clause 2, which gives remainder to the children. In re McDougall, 141 N. Y. 21, 35 N. E. 961; Place v. Burlingame, 75 Hun, 432, 27 N. Y. Supp. 674; Covenhoven v. Shuler, 2 Paige, 122. It is urged by the plaintiffs, however, that the further words, "for his support, the same not to be liable for any debts existing ·against him," are sufficient to create a trust estate. But that does not seem so to me. It goes without saying that the testatrix might very easily have created an estate which would be in trust, and would give the beneficiary the use and income of her property for his support during his life, and free from his debts. On the other hand, she could with equal ease give him a life estate without any trust. The question is simply, which did she do? There is no trust in form, or any trustee. There is a gift of an absolute estate for life. Having made this, the testatrix further says that it is for the support of her husband. But she might have that purpose, and secure that result,

and still not thereby so modify her language previously employed as. to turn the estate created into one in trust. Swarthout v. Rainier, 143 N. Y. 499, 38 N. E. 726. So, with reference to the expression used that the estate created for the benefit of the husband was not to be subject to the payment of his debts. If I am right that she had already created an estate for life, this provision tacked on with reference to debts would not be sufficient to change the nature of the estate created, or exempt the property from the liabilities incident to such estate. Bramhall v. Ferris, 14 N. Y. 41, 44. Concluding that the husband, Jones, took, under his wife's will, an estate for life, the executors had the right to let him have possession of the personal property owned by his wife, and comprised in such estate; and the income and increase thereof (subject to one condition hereafter to be noted) was his to dispose of as he saw fit, and subject to the payment of his debts. In re Washbon (Sup.) 18 N. Y. Supp. 672; In re McDougall, 141 N. Y. 21, 35 N. E. 964; Miller v. Delamater, 12 Wend. 433, 438. The condition referred to is that current taxes, expenses, etc., upon the property constituting the principal and corpus of the life estate should be paid by him as life tenant. This was a duty which he owed to the estate and to the remainder-men, and which the latter could, if necessary, enforce. It was and is an equitable charge against the income, having precedence over ordinary claims against the beneficiary. Cairns v. Chabert, 3 Edw. Ch. 313.

So far as the plaintiffs and defendants, outside of the defendant Dennison, are concerned, no question is raised as to the sufficiency or legality in form of the levies made by the sheriff. The plaintiffs expressly allege the same in their complaint. I fail to see how the defendant Dennison is in position to raise that or any other question. He has been discharged as trustee in bankruptcy, and has no interest in or lien upon the property.

While some evidence was given upon the trial as to what of the property levied upon was increase or income, and not principal, of the life estate, it is not sufficiently definite to enable me to pass upon that question. It will be necessary to have a reference to determine this, and also to decide what taxes, etc., if any, are unpaid upon the principal of the life estate, which it is the duty of the life tenant to pay, and to the end that, if necessary, the proceeds of the property to be sold upon execution, if any, may be first applied to the payment of such unpaid taxes, etc., if any. This course of application of proceeds will avoid the necessity which might otherwise arise for the appointment of a receiver of the property.

Findings and interlocutory judgment in accordance herewith may be settled upon two days' notice if not agreed upon.

Ordered accordingly.