STAFFORD v. WASHBURN et al.

(Supreme Court, Appellate Division, First Department. July 7, 1911.)

1. WILLS (§ 600*)—CONSTRUCTION—ESTATE BEQUEATHED—STATUTES.

    1 Rev. St. (1st Ed.) pt. 2, c. 1, tit. 2. § 81, provided that where an absolute power of disposition, not accompanied by any trust, shall be given to the owner of a particular estate for life or years, such estate shall be changed into a fee, subject to any future estates limited thereon, in case such power should not be executed or the lands should not be sold for the satisfaction of debts. Section 85 declared that every power of disposition should be deemed absolute by means of which the grantee is enabled in his lifetime to dispose of the entire fee for his own benefit. Testator devised his real estate to his wife for life, and granted to her an unrestricted power of sale, with a gift over to the brothers and sisters who might survive the wife, or so much of the estate as she had not sold in her lifetime. The gift over of the real estate undisposed of to the brothers and sisters failed because no brother or sister survived the widow and there was no real property undisposed of at her death. *Held*, that the widow took a life estate with the absolute beneficial power of disposition during her life, and that, as to such property as she disposed of, her estate was a fee, and the proceeds her absolute property.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1335–1339; Dec. Dig. § 600.*]

2. WILLS (§ 693*)—CONSTRUCTION—POWERS.

    Where testator after bequeathing a life estate in all his real estate to his wife with an absolute power of disposition declared that she should have power to designate one house and lot to go to a particular devisee,

---

such provision was subject to the contingency that the widow should die without having sold all of the real estate, and, she having disposed of all of it prior to her death, the power was nugatory.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1655–1661; Dec. Dig. § 693.*]

3. WILLS (§ 616*)—POWER OF SALE—INSTRUCTIONS—"HEREINAFTER APPOINTED EXECUTRIX."

Testator devised all of his real estate to his wife for life, and then gave his "wife, hereinafter appointed executrix," full power to sell and dispose of any and all of the real estate. *Held*, that the words, "hereinafter appointed executrix," were merely descriptive of the person and not of the capacity in which the wife was to act in making sales of the property, and therefore did not limit the power of sale to his wife while acting as executrix.

[Ed. Note.—For other cases, see Wills, Dec. Dig. § 616.*]

Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Edward Stafford against Mary R. Washburn and others impleaded. Judgment for plaintiff, and certain of the defendants appeal. Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Jacob Halstead, for executors of estate of Emma J. McLeay, deceased, appellants.

William T. Washburn, for appellant Mary R. Washburn.

Arthur G. Hays and Manfred W. Ehrich, for respondents.

SCOTT, J. This is an appeal from a judgment at Special Term requiring the defendants Mary R. Washburn and Joseph Walker, Jr., as executrix and executor of Emma Jane Richardson, deceased, to account to plaintiff and other heirs at law of Thomas W. McLeay, deceased, for the proceeds of the sale by the said Emma Jane Richardson, during her lifetime, of real estate formerly belonging to said Thomas W. McLeay, deceased, and for moneys paid to said Emma Jane Richardson in her lifetime by the city of New York for property taken in condemnation proceedings, and which formerly belonged to said Thomas W. McLeay. There is no dispute as to the facts, and the only legal question involved is as to the construction to be given to the will of said Thomas W. McLeay, who was the husband of said Emma Jane Richardson (she having contracted a second marriage), and who died in the year 1865, leaving a widow, but no children, father, or mother. He also left one brother, four sisters, and a number of nieces and nephews.

His will, which we are called upon to construe, reads as follows:

"In the Name of God, Amen.

"I, Thomas W. McLeay of the City of New York, of the age of — years and upwards, and being of sound mind and memory, but aware of the uncertainty of life, do make, publish and declare this my last will and testament in manner following; that is to say:

"First: I give, bequeath and devise to my dearly beloved wife Emma Jane McLeay all my personal estate of every nature and kind and wheresoever situated to have and to hold to her own use forever.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Second: I give, bequeath and devise all my real estate of what nature or kind so ever and wheresoever situated to my said wife, to be used and enjoyed by her during the term of her natural life and from and immediately after her death, one house and lot such as my said wife may choose and have designated in writing to Mary Rosenia Doughty and to her heirs and assigns forever; and all the rest, and residue of my real estate or such parts or portions thereof as are not previously sold by my said wife to such of my brothers and sisters as shall be living at the time of her death share and share alike if more than one, and to their heirs and assigns to have and to hold to their own use forever, and I authorize and give my said wife hereinafter appointed executrix of this my said will, full power to sell and dispose of any or all of my real estate, at public or private sales, at such time or times and upon such terms, and in such manner as to her shall seem meet and to give good and valid deeds therefor and I also give her as full power and authority to manage said real estate as I myself have, and I also authorize her at her discretion to give to any or all of my said brothers and sisters such sum or sums from the principal of my estate as she shall deem best or desire, and I hereby appoint my said wife Emma Jane McLeay sole executrix of this my last will and testament hereby revoking all former wills by me made."

The widow qualified as executrix. She went into possession of the real estate and sold it all during her lifetime, except a parcel which was taken by the city of New York in a condemnation proceeding, and the award for which was paid to her. She never in form designated any house and lot to go to Mary Rosenia Doughty under the terms of her husband's will, but some years after she had sold all of the real estate she repurchased one of the houses and lots, and then conveyed it, for a nominal consideration, to the said Mary Rosenia Doughty, then Mary Rosenia Washburn. This has been held by the judgment appealed from, to have been an ineffectual attempt to exercise the power of appointment given by the will, and the executors are required to account for this house and lot, or its value, and for the rents thereof since the death of Emma Jane Richardson, deceased.

[1] The appellants, executrix and executor of Emma Jane Richardson, deceased, contend that under her husband's will their testatrix took an estate in the real estate in fee simple absolute, subject, however, to the executory devise to the surviving brothers and sisters of so much of the real estate as to which she failed to exercise her power of disposition.

The respondents, on the other hand, contend (and so it was held at Special Term) that the said testatrix took only a life estate under the will, and that, as to the proceeds of any. real estate sold by her, the testator Thomas W. McLeay died intestate. It is apparent upon the face of the will that the desire which was uppermost in the mind of the testator was that the whole management and disposition of the real estate should be left to his wife to deal with as she saw fit. To those members of his family who might survive her he left only what she might not see fit to dispose of in her lifetime. The main feature of the will, so far as it concerns the real estate (with which alone we are now concerned), are: (1) The gift of a life estate to his wife. (2) The grant to her of an unrestricted power of sale. (3) The gift over, to the brothers and sisters who might survive her, of only so much of the real estate as the wife shall not have sold in her lifetime. (4) The absence of any general devise over of the real estate

after the termination of the life estate, and the absence of any specific gift over or other disposition of the proceeds of any real estate which the wife might sell during her lifetime. The gift over of the undisposed real estate to the brothers and sisters failed because no brother or sister survived the wife, and there was no real estate undisposed of at her death. The respondents therefore rest their claim upon the supposed intestacy of the testator as to the proceeds of the real estate sold by the wife.

The appellants' contention rests upon the provisions of the Revised Statutes which were in force when the testator died, and which read as follows:

"Where an absolute power of disposition, not accompanied by any trust, shall be given to the owner of a particular estate, for life or years, such estate shall be changed into a fee, absolute in respect to the rights of creditors and purchasers, but subject to any future estates limited thereon, in case such power should not be executed, or the lands should not be sold for the satisfaction of debts." Rev. St. p. 2, c. 1, tit. 2, § 81.

"In all cases, where such power of disposition is given, and no remainder is limited on the estate of the grantee of the power, such grantee shall be entitled to an absolute fee." Id. § 83.

"Every power of disposition shall be deemed absolute by means of which the grantee is enabled in his lifetime to dispose of the entire fee for his own benefit." Id. § 85.

These provisions are now incorporated in the real property law (Laws 1909, c. 52 [Consol. Laws 1909, c. 50]) as sections 149, 151, and 153. These sections have furnished the theme for many learned and interesting opinions, to most of which, however, it will not be necessary to refer at present. Our duty is to ascertain whether or not the present case falls within their provisions. We have in the first place a life estate in the widow. Next, we find her invested with an absolute power of disposition—absolute because it is not subject to the consent of any other person as in Ackerman v. Gorton, 67 N. Y. 63, nor so restricted that it could be exercised only for a particular purpose as in Terry v. Wiggins, 47 N. Y. 512, and Hasbrouck v. Knobloch, 130 App. Div. 378, 114 N. Y. Supp. 949. It was beneficial because no future estate or interest in the proceeds of so much of the real estate as might be sold was given to any one, or in any manner disposed of. In this respect the will under consideration is clearly distinguishable from those in which a life estate is given, with remainder over of the whole estate, with a power of sale obviously intended to be exercised merely as a matter of administration and for the benefit of the estate. It is not easy to distinguish this case in principle from Leggett v. Firth, 132 N. Y. 7, 29 N. E. 950, although the language of the will in that case was widely different from that now under consideration, as in the present will the testator bequeathed his personal estate to his wife absolutely. He then provided as follows:

"I also give, devise and bequeath to my wife Ellisheba all the rest and residue of my real estate, *but*, on her decease, the remainder thereof, *if any* I give and devise to my said children, or their heirs respectively, to be divided in equal shares between them."

Although the first 19 words of the clause, read without the context, expressed an absolute gift of the real estate to the wife, the Court

of Appeals, reading the whole clause, construed the gift as being only of a life estate, but it found in the limitation of the devise over to the children, contained in the words "if any," an implied power of disposition in the wife during her lifetime. Under such construction that case and this present a perfect parallel. In that the gift of a life estate was found by construction; in this it is plainly expressed. In that a power of disposition was found by implication; in this it is to be found in the words of the will. In both cases the devise over is limited to so much of the real estate as shall not have been disposed of by the life tenant during her lifetime. The Court of Appeals held that the will conferred upon the wife "a beneficial power of disposition of all the property" during her lifetime, with a limitation over in case of her death without an exercise of the power, and its conclusion was expressed in these words:

"We think that the widow took a life estate with a power of sale to be exercised during her life for her own benefit and that the children took a remainder in fee subject to the exercise of the power."

The court cited and referred with approval to Thomas v. Walford, 49 Hun, 145, 1 N. Y. Supp. 610, and Colt v. Heard, 10 Hun, 189. In the first case the devise over was "should there be any left," and in the second of "such part thereof as he may have at the time of my decease." In both cases it was held that the first devisee took a life estate, with a beneficial power of sale, and that the second devisee took only what was left upon the death of the first. We think that under the plain provisions of the statute the will under examination conferred upon the life tenant the absolute beneficial power of disposition during her lifetime of the real estate, and that as to such property as she did dispose of her estate amounted to a fee, and the proceeds became her absolute property. The respondents call our attention to certain features of the will which, as they consider, indicate a different dispository intention on the part of the testator. "The statutory effect, and not the donor's intent, is the controlling factor in the construction of powers." Per Werner, J., in Farmer's Loan & Trust Co. v. Kip, 192 N. Y. 266–279, 85 N. E. 59. But, even if we seek the intent of the testator, we find nothing in the will inconsistent with the construction we have given it.

[2] The power to designate one house and lot to go to Mary Rosenia Doughty was clearly inserted in view of the possibility that the widow might not sell the real estate, in which case the testator desired· one house and lot to be given to Miss Doughty, before the estate was divided between the brothers and sisters.

[3] There is nothing in the suggestion that the power of sale was given to the wife as executrix, and not individually. The language is, "I give my said wife" power to sell. The words following, "hereinafter appointed executrix," are merely descriptive of the person, not of the capacity in which she was to act. If there could be any doubt on this score, it would be completely resolved by the language of the gift over to the brothers and sisters, which is, "my real estate, or such parts or portions thereof as are not previously sold by my said wife." The conclusion we have reached concerning the nature of the

title given to the testator's widow renders it unnecessary to consider the question whether or not there was a valid exercise of the power to appoint a house and lot to go to Mary Rosenia Doughty (now Washburn). If the widow took a beneficial power to sell the real estate, she had the right to dispose of the proceeds as she saw fit, and the respondents cannot question her gift of a house and lot to Mrs. Washburn. The facts being undisputed and fully found by the Court at Special Term, and the only question in dispute being one of law, it is not necessary to remand the case for a new trial.

The judgment appealed from must therefore be reversed and judgment entered in favor of the appellants dismissing the complaint and construing the will in accordance with the view hereinbefore expressed, with costs in this court and the court below to said appellants Mary R. Washburn individually, and Mary R. Washburn as executrix and Joseph Walker, Jr., as executor of Emma J. Richardson, deceased, against the plaintiff. Settle order on notice.

INGRAHAM, P. J., and CLARKE and MILLER, JJ., concur.

LAUGHLIN, J. (dissenting). This is an action for the construction of the will of Thomas W. McLeay, which was duly admitted to probate by the surrogate of the county of New York, as a will of real and personal property, on the 8th day of May, 1865, and upon which letters testamentary were duly issued to Emma Jane McLeay, the widow of the testator and the executrix named in his will. The body of the will is as follows:

"In the name of God Amen, I, Thomas W. McLeay of the City of New York, of the age of — years and upwards and being of sound mind and memory but aware of the uncertainty of life, do make, publish and declare this my last will and testament in manner following, that is to say. First, I give, bequeath and devise to my dearly beloved wife Emma Jane McLeay, all my personal estate, of every nature and kind and wheresoever situated to have and to hold to her own use forever. Second. I give, bequeath and devise, all my real estate, of what nature or kind soever, and wheresoever situated to my said wife, to be used and enjoyed by her during the term of her natural life, and from and immediately after her death one house and lot such as my said wife may choose and have designated in writing to Mary Rosenia Doughty, and to her heirs and assigns to have and to hold to her or their own use forever and all the rest and residue of my real estate or such parts or portions thereof as are not previously sold by my said wife to such of my brothers and sisters as shall be living at the time of her death share and share alike if more than one, and to their heirs and assigns to have and to hold to their own use forever; and I authorize and give my said wife hereinafter appointed executrix of this my last will full power to sell and dispose of any or all of my real estate, at public or private sale, at such time or times and upon such terms and in such manner as to her shall seem meet and to give good and valid deeds therefor and I also give her as full power and authority to manage said real estate as I myself have, and I also authorize her, at her discretion, to give to any or all of my said brothers and sisters such sum or sums from the principal of my estate, as she shall deem best, or desire and I hereby appoint my said wife Emma Jane McLeay sole executrix of this my last will and testament hereby revoking all former wills by me made. In Witness Whereof, I have hereunto set my hand and seal this twenty-fifth day of April in the year of our Lord one thousand eight hundred and sixty-one."

The questions presented for decision arise under the provisions of the will with respect to the devise of the real estate.

The widow individually and as executrix, in the year 1866, sold and conveyed three parcels of real estate of which the testator died seised. In the year 1870 the city of New York acquired, by condemnation proceedings for the opening of Lexington avenue, part of the remaining lands left by the testator, for which an award of $27,026 was made to the "estate of" the testator, which was paid to the executrix and receipted for by her in that capacity. On the 11th day of February, 1880, the widow as executrix sold and conveyed the two remaining parcels of land of which the testator died seised. She thereafter, and on the 30th day of April, 1892, repurchased in her own name individually part of this property so conveyed by her in the year 1880, and on the 26th day of July that year she executed a conveyance thereof to said Mary Rosenia Doughty, then Mary R. Washburn; but she did not state in said conveyance, or in any writing, that this was done in an attempt to comply with the provisions of the will of the testator, nor did the deed contain any reference thereto. She did not before so conveying the real estate, or at any time thereafter otherwise than as already stated, attempt to designate a house and lot for said Mary Rosenia Doughty pursuant to the authority conferred upon her in the will.

By the interlocutory judgment, from which the appeal is taken, it is adjudged, pursuant to the decision, that the widow of the testator merely took a life estate in the real property and in the proceeds thereof, and that the brothers and sisters of the testator took a vested remainder in the real property, but that, inasmuch as they all predeceased the life tenant, the remainder in the real estate and in the proceeds of the sales and condemnation, which was limited upon the life estate of the widow therein, was undisposed of, and upon the death of the widow passed to the descendants of the deceased brothers and sisters of the testator as his heirs at law, and that they are entitled to have the executor and executrix of the deceased executrix of the testator account therefor, together with the rents, income, and profits thereof since the death of the life tenant. The interlocutory judgment also adjudges that the power of appointment given by the will to said Emma Jane McLeay, who at the time of her death was Emma Jane Richardson, to appoint a house and lot to Mary Rosenia Doughty, was a power to be exercised by will, and not by deed, and could not be exercised by deed not referring to the power.

The respondents contend, in accordance with the decision on the trial, that the widow took only a life estate in the real property, and that the proceeds of the sale of the real property, as well as the proceeds of that taken by condemnation, were held by her as life tenant, and that the brothers and sisters of the testator took a vested remainder therein, subject to be divested by their deaths during the life of the life tenant, and that on their deaths during her lifetime their interests became divested and the real estate remained undisposed of by the will, and therefore became intestate property. The appellants contend that the widow took the entire estate, and that, therefore, the

130 N.Y.S.—37

executrix of the testator was not accountable, and they as her executor and executrix are not accountable, for the proceeds of the real estate.

If the contention of the appellants should be sustained, it is manifest that the widow of the testator, having title to the property, was unrestricted with respect to her disposition of it, and that it was competent for her to repurchase and convey part of it to said Mary R. Doughty. We are not, however, concerned with the validity of the title acquired under that conveyance. We are only required to construe the will. It is quite plain that, until the exercise of the power of appointment conferred upon the widow or executrix under the will, said Mary R. Doughty acquired no interest in the real property of the testator, and we think that power was never exercised. The authority was not to sell and convey the real estate, and out of the entire proceeds, or the proceeds of one parcel, to purchase real estate for said Mary R. Doughty, but to designate and appoint a house and lot left by the testator for her. If it could be exercised with respect to the proceeds of the sale of a particular house and lot, a question which it is not necessary to decide, there is nothing here to show that the action taken by the widow was intended as an exercise of the power of appointment.

I am of opinion that the learned Special Term properly construed the will. Whether the will was drawn by a lawyer or a layman, its author apparently fully appreciated the difference between giving property outright and giving a life estate therein, and by express terms the personal property was disposed of absolutely and only a life use in the real estate was given to the widow. Moreover, if the testator intended to devise the real estate in fee to his widow, it would have been unnecessary for him to have conferred a power of appointment on her with respect to one of the houses and lots for said Mary R. Doughty. Why would the testator have conferred authority in express terms on his widow to manage the real estate, if he intended to give the same to her in fee? Why would he have deemed it necessary to authorize her to sell the real estate at public or private sale, and at such time and on such terms and in such manner as to her should seem meet, if he intended that she should take the same in fee? The discretionary power thus conferred clearly shows that he did not intend that the sale should transfer a life estate into a fee, but, on the contrary, indicates that he understood that the remaindermen would be interested in the sale and might call the executrix to account therefor. Why should he confer express authority upon her to give to his brothers and sisters part of the principal of the real estate from time to time, which he knew would be done only by selling or what is equivalent thereto, mortgaging the real estate, if he intended to leave it optional with her, by exercising the authority to sell, to take the proceeds absolutely in her own right and freed from any claims on the part of the remaindermen. It seems to me that the reasonable construction of the will, which will give force and effect to all of its provisions, is that the proceeds of the real estate are to be deemed real estate, and that the only disposition that the testator attempted to make thereof was that they should go to his brothers and sisters who surviv-

ed his widow. It is quite likely that he did not anticipate that they would all predecease her, for five of them survived him, and that he intended to dispose of all of his real estate. If he did not intend that the proceeds of the real estate should descend as real estate, then he attempted no disposition thereof by his will, for the use of the real estate as such and of the proceeds thereof are governed by the same clause, and one was not intended to be greater than the other. After authorizing the appointment of one house and lot to Mary R. Doughty, he proceeded to dispose of the residue in the following language:

"And all the rest and residue of my real estate or such parts or portions thereof as are not previously sold by my said wife to such of my brothers and sisters as shall be living at the time of her death share and share alike if more than one, and to their heirs and assigns to have and to hold to their own use forever."

The entire argument of the appellants is based on the clause, "or such parts or portions thereof as are not previously sold by my said wife," which it is claimed excepted from the devise to his brothers and sisters such real estate as she might see fit to convey. I am of opinion that such construction is not reasonable, for under it the widow, by selling the real estate as she did, could take it all herself and thus convert a life estate into a fee, and it would be quite natural to expect that in such circumstances she would exercise the power of sale. I think it is more reasonable to assume that the testator intended that the provision with respect to his brothers and sisters should be one of substance. The will is susceptible of the construction that its author, who evidently from its composition was a layman, in providing for the disposition of the residue of the real estate, inserted the clause commencing with the word "or" to obviate any question with respect to the exercise of the power of sale by the executrix. In other words, he excepted from the devise by which it was intended and supposed that the title to the land as such should pass the lands, if any, which had been previously conveyed by his executrix; but he did not except and did not intend to except the proceeds of such sales. The construction of the will is not entirely free from doubt, but this I deem a more reasonable construction than to hold that by the use of the words "to be used and enjoyed by her during the term of her natural life," language which the Court of Appeals has held gives merely a life estate (Matter of McDougall, 141 N. Y. 21, 35 N. E. 961. See, also, Ackerman v. Gorton, 67 N. Y. 63), a fee was devised, for such a construction would give no scope to many of the provisions of the will. Clearly a life estate only was devised in the first instance; but it is contended that this was enlarged into a fee by the unqualified power of sale and the provision with respect to use and enjoyment. That argument is based on sections 81, 85, tit. 2, c. 1, pt. 2, Rev. St., now sections 149 and 153 of the real property law. Said section 149 provides as follows :

"When estate for life or years is changed into a fee. Where an absolute power of disposition, not accompanied by a trust, is given to the owner of a particular estate for life or for years, such estate is changed into a fee absolute in respect to the rights of creditors, purchasers and incumbrancers, but subject to any future estates limited thereon, in case the power of ab-

solute disposition is not executed, and the property is not sold for the satisfaction of debts."

Said section 153 provides as follows:

"When power of disposition absolute. Every power of disposition by means of which the grantee is enabled, in his lifetime, to dispose of the entire fee for his own benefit, is deemed absolute."

These statutory provisions shed but little light on the question presented for decision, for they have long since been confined to cases in which the power of disposition is for the sole benefit of the person upon whom the power is conferred. Coleman v. Beach, 97 N. Y. 545; Farmers' Loan & Trust Co. v. Kip, 192 N. Y. 266, 277, 85 N. E. 59. We therefore are required to ascertain the intent of the testator as in ordinary cases, and such intent, when ascertained, governs. If the testator intended that his widow should not be at liberty to enlarge her estate by exercising the power of sale, but that if she exercised the power of sale she would have only a life use in the proceeds of the sale, and that the principal would go to the residuary devisees the same as if the power had not been exercised, then the authority conferred upon the widow of the testator, either individually or as executrix, to sell and convey the real estate was not an absolute power of sale within the purview of the statutory provisions already quoted. Whether a power of sale is absolute within these statutory provisions is not to be determined by an inquiry as to whether if it be exercised good title passes but by considering who take or are interested in the proceeds of the sale. I am of opinion that the power of disposition, although not accompanied by a formal express trust, was accompanied by a trust within the purview of the statute; for, if the testator intended that the interest of the remaindermen should attach to the proceeds of the sale, then his widow held the proceeds of the sale for her own use, to be sure, as to the income, but in a sense in trust for the remaindermen, for the life tenant becomes a trustee for them (Seaward v. Davis, 198 N. Y. 415–420, 91 N. E. 1107; Leggett v. Stevens, 185 N. Y. 70–76, 77 N. E. 874; Weinstein v. Weber, 58 App. Div. 112, 68 N. Y. Supp. 570, affirmed 178 N. Y. 94, 70 N. E. 115; Matter of Hamlin, 141 App. Div. 318, 126 N. Y. Supp. 396), and it is upon that theory that her personal representatives are called upon to account. The statutory definition of an absolute power of disposition sheds light on what was meant by the words "not accompanied by a trust." When the proceeds of the disposition of the property are held in part for the benefit of another or others, then there is a trust within the contemplation of the statute.

It follows that the interlocutory judgment should be affirmed, with costs.