Matter of the Judicial Settlement of the Account of MAURICE GOULDEN and ISABELLE A. GOULDEN, as Executors of JOSEPH A. GOULDEN, Deceased.

(Surrogate's Court, Bronx County, February, 1918.)

Trustees — power of — trusts — executors and administrators — accounting — wills — residuary legatee — bonds.

The provisions of a testamentary trust.considered upon the judicial settlement of the accounts of the executors, and *held:*

That it was the testator's intention to constitute the trust company named the trustee of the trust mentioned in the will and codicil thereto.

The fact that the trust company was not named "trustee" was of no consequence as the duties it was to perform were those of a trustee and the power and the authority given to it were such as a trustee would have.

Under the circumstances existing distribution to the residuary legatee should be made only upon the execution by her of an agreement with the executors to deliver to them sufficient securities to make it possible for them to make a substitution, as provided by the will, in case the yield of the securities mentioned falls below the amount therein stated, and upon the faithful performance of such agreement the residuary legatee should give a bond to the executors.

Misc.] Surrogate's Court, Bronx County, February, 1918.

PROCEEDINGS on judicial settlement of account of executors.

John T. Martin, for executors.

James F. Donnelly, special guardian for infant party.

SCHULZ, S. Upon the judicial settlement of the account of the executors of the decedent's last will and testament, it becomes necessary to construe his will in order that a proper decree of distribution may be entered.

The main question involved is whom did the decedent constitute trustee of the trusts contained in the documents probated as his will. The trust provisions are contained in paragraph 5th of the will proper and in the first and second codicils thereto.

Paragraph 5th, so far as material, after naming specific securities, continues as follows: " * * * shall be placed in the Birnie Trust Company, Taneytown, State of Maryland, to be held in trust, as follows: all the income arising from said certificates of stock to be paid to my daughter, * * * during her lifetime; and at the death of my said daughter, said certificates of stock are then to pass into the absolute possession of * * *." The first codicil recites additional securities and then uses substantially the same language with reference thereto, and the second codicil, after detailing a number of securities, continues as follows: " * * * be placed in the Birnie Trust Company, Taneytown, State of Maryland, to be held in trust, as follows: all the income arising therefrom to be paid to my daughter, * * * during her lifetime; and after her death, then to my grandson, * * * during his lifetime; at the death of my said grandson, or should he pre-

decease his mother, my daughter * * * then at the death of my said daughter, the principal of said trust is to be divided among the children of my said grandson, * * * or should he die without issue, the principal of said trust fund is to be divided among the children of my son, * * *."

In my opinion, it was the intention of the testator to constitute the Birnie Trust Company, Taneytown, state of Maryland, the trustee of said trusts. That it is not named "trustee" is of no consequence as the duties it is to perform are those of a trustee and the power and authority given to it are such as a trustee would have. *Matter of Leonard,* 218 N. Y. 513; *Mee* v. *Gordon,* 187 id. 400; *Matter of Dewey,* 153 id. 63; *Ward* v. *Ward,* 105 id. 68.

The executors are not denominated trustees, nor are they invested with the power to receive and pay over the income nor with any other trust power. The second codicil contains language which the special guardian contends, however, warrants the finding that the executors are trustees. This language is as follows: "Should any of the securities which form this trust fund become valueless at any time before the final disposition of the trust, I direct my executors to substitute other securities, so that the yearly income arising therefrom shall remain approximately at $360 per annum." If the executors were to remain in possession of the entire residuary estate in order to enable them to make substitution, there might be some force in this contention, but there is no such provision in the will; and as there is a residuary legatee named the executors would be in no better position to make substitution as trustees than they are as executors.

As the residue of the estate is bequeathed to the widow, and as it is necessary that the executors should protect not only her but also the *cestuis que trustent*

and those who take at the expiration of the trust, distribution to the widow should be made only upon the execution by her of an agreement with the executors to deliver to them sufficient securities to make it possible for them to make a substitution if the yield of the securities mentioned in the will falls below the amount there stated. For the faithful performance of such agreement, a bond should be given which I will fix at the sum of $8,000. *Matter of McDougall,* 141 N. Y. 21.

The court has no power to grant the prayer of the petitioners contained in a petition filed herein since the accounting, that they be allowed to substitute the bonds mentioned for the securities which the testator named as the principal of the trust fund referred to in the second codicil to the will; when the trustee has qualified, a substitution may be made if the conditions referred to in the will arise. Nor can the court nominate a trustee in the place and stead of the one named by the decedent, unless and until the one so named renounces or fails or refuses to qualify. Counsel for the executor has notified the court orally that the Birnie Trust Company does not desire to serve as trustee. In that event, a renunciation should be filed (Code Civ. Pro. § 2638), and an application should be made at once for the appointment of a successor so that the decree on the accounting may provide for distribution to such successor instead of to the trustee named in the will.

Decreed accordingly.