Cohalan, S.
The principal question in this accounting proceeding is an application by the accountant to have determined the amount that should be paid to the attorney who appeared for him in the compulsory accounting proceeding. The executor, appearing by another attorney, filed the account, with a petition for its judicial settlement. Schedule Gr of the account states that the former attorney had presented a bill for legal services rendered, “ which fee has not been paid, as I desire the surrogate to pass upon the same. ’ ’
There appears to be a misunderstanding of the prac *515 tice and power of the Surrogate’s Court in matters of this kind. Many attorneys are under the impression that the above procedure may be followed in cases where the representative of the estate is in doubt as to the propriety of paying his attorney the full amount of his bill. The rule is well settled that the representative cannot have a credit, and the attorney cannot have an allowance, in the manner thus proposed. As the surrogate is frequently called upon to entertain such applications it is desirable to point out the reason for what seems to many petitioners to be a very technical rule of procedure.
The representative of an estate now has statutory authority to pay from the funds of the estate “ the reasonable counsel fees necessarily incurred in the administration of the estate.” Code Civ. Pro. § 2692. Said section further provides that: ‘ ‘ Such expenses and disbursements shall be set forth in his account when filed, and settled by the surrogate. ” It is further provided that upon his accounting the representative must make affidavit “ that the account contains, according to the best of his knowledge and belief, a full and true statement of all his receipts and disbursements on account of the estate or fund * * Code Civ. Pro. § 2732. Section 2731 also refers to payments already made. Section 2753 provides that: ‘' On the settlement of the account of any executor, administrator, guardian or testamentary trustee, the surrogate must allow to him his just, reasonable and necessary expenses actually paid by him * * The statutory provisions relating to accounting for administration expenses and obligations are based on the principle of reimbursement. Reimbursement presupposes payment in advance. The only exceptions to this rule, so far as allowance to a representative for counsel fees is concerned, are the statutory *516 provisions for costs and allowances. Code Civ. Pro. §§ 2743-2751. There is another exception where the representative is an attorney, “ and shall have rendered legal services in connection with his official duties.” Code Civ. Pro. § 2753. Outside of the above statutory provisions there is no authority for an allowance to an executor or administrator for a mere obligation incurred for attorney’s services. However desirable it may seem to have such unpaid bills for attorneys’ services passed upon in accounting proceedings, the decisions are against the practice. Matter of Spooner, 86 Hun, 9; Matter of Blair, 49 App. Div. 417. The Court of Appeals has cited these eases with approval in a case where it recognizes the rule that in an accounting the surrogate cannot make any allowance for legal services rendered to a trust estate by an attorney, where the trustee has not paid the attorney and accounted for the payment. Jessup v. Smith, 223 N. Y. 207, 208.
An obligation incurred by a representative for legal services is a personal obligation of the representative. Matter of Nocton’s Estate, 162 N. Y. Supp. 215. It is very different from a debt of the decedent. That is a claim which the surrogate is expressly empowered to try and determine upon a judicial settlement of the account. Code Civ. Pro. § 2681.
The attorney who has not been paid by the representative for services performed during the course of administration is not left to his civil action. He has a remedy in the Surrogate’s Court. He may, if he chooses, present to the surrogate a petition, and upon due notice to the executor have the reasonable value of his services fixed and determined. The surrogate may then determine to what extent the estate is liable, and direct payment. Authority for this procedure is found in Matter of Rabell, 175 App. Div. 345. If this attor *517 ney acts promptly he may be protected by appropriate provision in the accounting decree.
The amounts received by the executor for handling the real estate should not be deducted from the commissions to be awarded on the personal property. Under the will the real estate passed directly to the devisee, and the executor as such had no duty in regard thereto. The services performed in connection with the realty were for the devisee personally and had no relation whatever to the petitioner’s' acts as executor. Counsel for the executor is requested to submit a computation of commissions. For the reasons stated the court has no power to pass upon the matter of attorney’s fees. The decree may contain no provision in reference to the trust for the care of the cemetery plot as suggested by all parties.
Decreed accordingly.